In the Matter of HILDA L. O'BRIEN, Appellant, against MORRIS S. TREMAINE, as Comptroller of the State of New York, Respondent.

Argued March 6, 1941; decided April 17, 1941.

*Elliot S. Benedict, Royal E. T. Riggs* and *W. L. L. Peltz* for appellant.

*John J. Bennett, Jr., Attorney-General (Joseph M. Mesnig of counsel), for respondent.*

LEWIS, J.   In 1939, while John F. O'Brien was rendering the thirteenth year of his distinguished service as an Associate Judge of this court, he suffered a serious impairment of health.   By reason of that fact, and on December first of that year, he filed with the State Comptroller, as the administrative head of the New York State Employees' Retirement System, a written application for retirement from active judicial service and for payment to him, beginning January 1, 1940, of a retirement allowance in conformity with article 4 of the Civil Service Law (Cons. Laws, ch. 7; L. 1920, ch. 741, as amd.).   Judge O'Brien was then sixty-five years of age.   He had joined the Retirement System in 1928 and thereafter, by taking advantage of section 53 (subd. 5) of the Civil Service Law, he made the required contributions to the annuity savings fund, which contributions covered both his prior public service of more than twenty-eight years as an Assistant Corporation Counsel of the City of New York and his entire service as an Associate Judge of the Court of Appeals.   By his application filed December 1, 1939, he selected " Option No. 2 "—

as defined by section 68 of the Civil Service Law — to be the form of optional benefit under which he elected that payments should be made, and nominated his wife, Hilda Lockwood O'Brien, the present appellant, to receive any benefit payable according to law after his death.

Judge O'Brien died December 25, 1939, six days before the date which he had fixed for his retirement. Thereafter, on May 18, 1940, his widow applied to the State Comptroller for payment of the optional retirement benefits to which she claimed to be entitled as a beneficiary under Option No. 2.

After affording the appellant a full hearing the Comptroller denied her application upon the ground that the death of Judge O'Brien had occurred before his retirement and at a time when his status was that of a *member* of the Retirement System, not a *beneficiary* thereof, and that the statutory period of thirty days had not elapsed between December 1, 1939, when his application for retirement was filed, and the date of his death. (Civil Service Law, §§ 62 [subd. 1], 65-b, 68.) The Comptroller also ruled that, in accord with section 61 (subd. 2) of the Civil Service Law, the appellant was entitled to the return of all contributions made by her deceased husband and, in addition thereto, the death benefit provided by section 65-b. The appellant thereupon made the determination by the Comptroller the subject of review in the present proceeding under section 54 (subd. 5) of the Civil Service Law and article 78 of the Civil Practice Act. In that proceeding we now review an order of the Appellate Division affirming by a divided vote an order of Special Term which denied, as a matter of law and not in the exercise of discretion, the appellant's application in so far as it sought to modify the determination of the Comptroller which denied payment to the appellant of benefits in excess of the accumulated contributions standing to the credit of Judge O'Brien and in addition thereto the death benefit provided for by section 65-b of the Civil Service Law.

Our decision must follow the clear dictates of statutes which bear upon the problem presented. We have seen that on December 1, 1939, the date when Judge O'Brien filed with the Comptroller his application for a retirement allowance, he was more than sixty years of age and was then a member of the Retirement System. In these circumstances his rights as an applicant for a retirement allowance were governed by section 62 (subd. 1) of the Civil Service Law which provides:

" § 62. Superannuation retirement. Retirement of a member for superannuation shall be made by the comptroller as follows:

" 1. Any member may retire upon written application to the comptroller setting forth at what time, not less than thirty days nor more than sixty days subsequent to the execution and filing thereof, he desires to be retired, provided that said member at the time so specified for his retirement shall have attained the age of sixty years or over while in state service."

Within the requirement of the statute the application here involved fixed January 1, 1940, as the date when the applicant desired " to be retired." That date met the further requirement of being " not less than thirty days nor more than sixty days subsequent to the execution and filing " of his written application. But we cannot escape the untoward fact that before the lapse of thirty days after his application was filed, and while Judge O'Brien was still a member of the Retirement System, death intervened to thwart his declared purpose to retire on January 1, 1940. He never did retire — he died in service. That fact made effective section 65-b of the Civil Service Law which provides for the payment of a prescribed death benefit, " Upon the death of a member in the state service, or within the thirty-day period provided in section sixty-eight of this article   *   *   *."

By the statutory reference last mentioned the Legislature again made the element of time controlling when it restricted by a time factor the right of an applicant for a

retirement allowance to select the form of optional benefit by which he elected to have payments made. By section 68, which defines " Option 2 "— selected by Judge O'Brien — the Legislature has limited an applicant's right of election by the express restriction that " * * * No election of an optional benefit shall become effective in case a member dies *within thirty days after the filing of an application* for a retirement allowance * * *." (Emphasis supplied.)

The appellant's present claim for benefits payable under Option 2 as defined by section 68 of the Civil Service Law, to which she claims to be entitled, " * * * in the same manner as if John F. O'Brien had retired on January 1, 1940," is defeated by the fact that his untimely death occurred within the thirty-day period which the Legislature has chosen to insert as a restriction in both section 62 (subd. 1) and section 68. (Cf. *Matter of Hogan* v. *N. Y. State Teachers' Retirement System*, 242 App. Div. 868; affd., 268 N. Y. 554.)

The policy which dictated the enactment of a statute which both defines and limits the rights which the appellant now asserts, is a matter solely for the Legislature. No power is granted to the courts by interpretation to vary the clear and positive mandate of the statute. Mindful of our duty to construe that statute liberally, we must not be unmindful of the rule that " freedom to construe is not freedom to amend." (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345.)

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ., concur.

Order affirmed.