ERMINE R. SMITH, Plaintiff, *v.* NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Defendants.

Fourth Department, March 13, 1946.

*William H. Emerson* and *Glenn L. Buck* for plaintiff.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Wendell P. Brown* and *Edward L. Ryan*), for defendants.

DOWLING, J. This is a controversy submitted without process pursuant to sections 546–548 of the Civil Practice Act.

According to the stipulated facts, Frederick J. Smith, referred to hereafter as the applicant, on March 15, 1945, was a member of the New York State Employees' Retirement System, referred to hereafter as the System, and was eligible for retirement. On that date he executed an application for retirement asking to be retired as soon as possible and mailed it to the Comptroller of the State of New York, Department of Audit and Control, Albany, New York. His application was received by the comptroller and was placed on file in his office on March 16, 1945. The comptroller notified the applicant that such an application for service retirement must be on file for thirty days before becoming payable and that April 16, 1945, would be the first day his retirement allowance would become effective. On March 27, 1945, the comptroller notified the applicant's employer, the Department of Finance of the City of Rochester, New York, that applicant's name should not appear on the payroll after April 15, 1945. On April 3, 1945, the applicant executed an instrument for the selection of benefits under option one of the System and designated his wife, the plaintiff, as the person entitled to receive the benefits under the option in case of his death. That instrument was received and was filed in the office of the System on April 5, 1945. The applicant died on Sunday, April 15, 1945, at 7:00 A.M. After the applicant's death a dispute arose between the plaintiff and the defendants. The plaintiff claimed that the applicant had lived a period of not less than thirty days after his application had been received and filed by the defendants and that the plaintiff was entitled to receive the payments pursuant to option one. The defendants contended that the applicant did not live for a period of thirty days subsequent to the execution and filing of his written application for retirement and that he was not a retired member at the time of his death and that the option (option one) elected by the applicant was not effective at the time of his death; that the plaintiff was not entitled to any payments or benefits under the option but that she is entitled to be paid the accumulated contributions made by the applicant to the System and standing to his credit therein at the time of his death.

Instead of determining the controversy as provided in subdivision 5 of section 54 of article 4 of the Civil Service Law, the parties stipulated this controversy and each side prays judgment sustaining their respective contentions. The contentions resolve themselves into the basic question whether, within the

meaning of the statute, the applicant lived not less than thirty days subsequent to the filing of his written application for retirement with the System on March 16, 1945. Since the facts are not in dispute and only the meaning of a statute is in question, we think we have the power and that it is our duty to pass upon the question in controversy. (*New York Operators* v. *State Liquor Authority*, 285 N. Y. 272, 276; *Niagara Falls Power Co.* v. *White*, 292 N. Y. 472, 479; *Town of Ohio* v. *People*, 264 App. Div. 220.)

The following are the material provisions of the statute in effect when the applicant filed his application for retirement on March 16, 1945, with emphasis supplied.

" § 61. REFUNDS. * * * 2. Should a contributor die before retirement, *or within the thirty-day period provided in section sixty-eight of this article,* his accumulated contributions shall be paid to his estate or to such person as he shall have nominated by written designation duly executed and filed with the comptroller."

" § 62. SUPERANNUATION RETIREMENT. Retirement of a member for superannuation shall be made by the comptroller as follows:

" 1. Any member may retire upon written application to the comptroller setting forth at what time, *not less than thirty days nor more than sixty days subsequent to the execution and filing thereof,* he desires to be retired, provided that said member at the time so specified for his retirement shall have attained the age of sixty years or over while in state service."

" § 68. OPTIONS. With the exception that no election of an optional benefit shall become effective *in case a member dies within thirty days after the filing of an application for a retirement allowance,* until the first payment on account of any benefit becomes normally due, the beneficiary, * * * may elect to receive such benefit in a retirement allowance payable throughout life, or to receive the actuarial equivalent at that time of his annuity, his pension, or his retirement allowance in a lesser annuity or a lesser pension or a lesser retirement allowance, payable throughout life, with the provisions that: * * *."

" § 65-b. ORDINARY DEATH BENEFIT. Upon the death of a member in the state service, or within the thirty-day period provided in section sixty-eight of this article and who has had one or more years of service as a member, and who was on the payroll and paid within a period of twelve months prior to his death, and who has not otherwise been gainfully employed since being on such payroll, if no pension be payable under the provi-

sions of section sixty-five-a of this article, there shall be paid from the pension accumulation fund to his estate, or to such person as he has nominated or shall nominate by written designation, duly acknowledged and filed with the comptroller for this specific purpose, an amount, provided from contributions made by the state, which shall be equal to one-twelfth of the compensation earnable by him while a member during the last twelve months of allowable service immediately preceding his death for each year of service but not to exceed fifty per centum of such compensation.

" The member, or on the death of the member, the person nominated by him to receive his death benefit, may provide by written designation duly executed and .filed with the comptroller that the above mentioned death benefit shall be paid to the person designated in the form of an annuity, the amount thereof to be determined at the time of the member's death on the basis of the age of the beneficiary at that time as the actuarial equivalent of the death benefit."

Under the agreed facts the applicant died on the thirtieth day after or subsequent to the date, March 16, 1945, when his application for retirement was received and placed on file. As we construe the statute, April 16, 1945, was the first date upon which the applicant would have been entitled to receive retirement benefits. Having died within the time limitations fixed by the statute, the applicant was a member and not a beneficiary of the system at the time of his death. The fact that the applicant died in service made effective section 65-b of the Civil Service Law which provides for the payment of a prescribed death benefit, " Upon the death of a member in the state service, or within the thirty-day period provided in section sixty-eight of this article * * *." (Matter of O'Brien v. Tremaine, 285 N. Y. 233; Sanborn v. Fireman's Insurance Co., 16 Gray [Mass.] 448, 455; General Construction Law, § 20.)

The submitted controversy should be determined in favor of the defendants and they should have judgment accordingly, without costs.

All concur, except TAYLOR, P. J., not voting. Present — TAYLOR, P. J., DOWLING, McCURN, LARKIN and LOVE, JJ.

Submitted controversy determined in favor of defendants and judgment directed to be entered accordingly, without costs.