In the Matter of RAYMOND M. FISHER, Petitioner, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.

Supreme Court, Special Term, Albany County, March 3, 1951.

*De Graff & Foy* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Edward L. Ryan* of counsel), for respondents.

SCHIRICK, J. The petitioner became a member of the New York State Employees' Retirement System on June 21, 1943. He was allowed credit for prior service as officer of the Town of Clarkstown from January 1, 1926 to March 2, 1931, without payment therefor, and, upon payment therefor, for previous member service as such officer and as employee of the State of New York from March 3, 1931, to June 21, 1943.

On February 15, 1949, the petitioner was discontinued from State service through no fault of his own. He was then forty-eight years of age and had a total service of twenty-three years seven months and nine days, which period included more than twenty years of continuous service.

Upon his application for a discontinued service retirement allowance pursuant to section 77 of Civil Service Law, he has been granted and paid a retirement allowance computed in accordance with paragraph 2 of subdivision b of such section. The petitioner claims that he is entitled to the larger allowance provided by paragraph 4 of subdivision a and has been receiving the smaller payments without prejudice to such claim.

The issue upon this application is purely one of law. Subdivision a is supposed to be a recodification of chapter 373 of the Laws of 1943. Subdivision b is supposed to be a recodification of chapter 393 of the Laws of 1943. Both were enacted at the same legislative session. One became a law upon signature by the Governor on April 7, 1943, the other on April 8, 1943. The legal issue presently is: Which enactment governs the petitioner's rights?

The "recodification" of 1947 (L. 1947, ch. 841) now contained in section 77 of the Civil Service Law, and which took effect on July 1, 1948, is unambiguous. It succinctly recognizes two classes of members of the retirement system: Those who became members prior to April 8, 1943, and those who became members on or after such date. As to persons joining the system after July 1, 1948, there can be no question. The issue here pertains only to persons who joined the system after April 7, 1943, and prior to July 1, 1948. The petitioner falls within such category.

The 1947 enactment cannot constitutionally impair the petitioner's rights (N. Y. Const., art. V, § 7), nor does it purport to do so. (Civil Service Law, § 95.)

What we have here is an issue of statutory construction. Did chapter 393 of the Laws of 1943 operate to repeal chapter 373 in whole or in part or can both enactments be given practical application? Basic to the issue is the doctrine which frowns upon repeal by implication. Such doctrine is given greater emphasis where, as here, both statutes were enacted at the same legislative session. (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], pp. 406–407, 417.)

The latter statute nowhere contains any language expressly repealing the earlier. Neither statute refers, in the body thereof, to any date or dates governing its application. In this respect they are strikingly dissimilar from chapter 372 enacted at the same session (now Civil Service Law, § 50, subd. 25) which in so many words states that the interest rate of 4% shall be added as to persons " who are members on the thirtieth day of June, nineteen hundred forty-three " and 3% in the case of persons becoming members thereafter.

Chapter 373 was enacted to liberalize the pension benefits afforded to members of the State Retirement System. It is unreasonable to believe that such benefits, accorded one day, were to be withdrawn the next as to persons joining thereafter. In the absence of words expressly conveying such intention, the court will not adopt such construction.

The court is cognizant of the doctrine that the provisions of the retirement law are to be liberally construed in the interest of the members thereof. (*Matter of O'Brien* v. *Tremaine*, 285 N. Y. 233.)

The application is granted.