In the Matter of JOHN F. BARONE, Appellant, *v.* ARTHUR LEVITT, as Comptroller of the State of New York, et al., Respondents. (Proceeding No. 1.)

In the Matter of DORIS L. BARONE, Respondent, *v.* NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents; JOHN F. BARONE, Appellant. (Proceeding No. 2.)

Third Department, January 22, 1968.

*Parrino & Cooper* (*Peter L. Parrino* of counsel), for appellant.

*Moot, Sprague, Marcy, Landy & Fernbach* (*Richard F. Griffin* of counsel), for Doris L. Barone, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* of counsel), for Comptroller and New York State Employees' Retirement System, respondents.

STALEY, JR., J.   This is an appeal, in two article 78 proceedings, from a judgment (1) dismissing the petition of John F. Barone in Proceeding No. 1, and (2) awarding certain death benefits to petitioner Doris L. Barone, and directing the payment of all proceeds due from the New York State Employees' Retirement System by reason of the death of Joseph A. Barone to Doris L. Barone, in Proceeding No. 2.

On March 23, 1967 Joseph A. Barone died while employed as a Deputy Sheriff of Erie County, having been so employed since 1947.   He married petitioner Doris L. Barone in 1964 and, on January 26, 1965 as a member of the New York State Employees' Retirement System, he designated his wife as beneficiary of any ordinary death benefits due from the system in the event of his death prior to retirement on pension.   The decedent planned to retire on April 1, 1967 and, on March 9, 1967, he filed an election to receive a retirement allowance under Option One as provided by the Retirement and Social Security Law and designated his brother John F. Barone as the beneficiary of any balance of the initial reserve set aside for his retirement allowance remaining unpaid at the time of his death.

Joseph A. Barone having died prior to the effective date of his retirement, both his widow and brother have filed claims as the beneficiary of the death benefits owing by reason of his

death and the issue presented is the determination of which claimant is the proper beneficiary and entitled to the payment of such proceeds.

Section 60 of the Retirement and Social Security Law provides for the payment of an ordinary death benefit upon the death of a member who dies before the effective date of his retirement. Section 90 of the Retirement and Social Security Law, which governs the selection of optional settlements for the payment of retirement allowances including Option One, provides in part as follows: "An optional election shall not become effective if the member dies before the effective date of his retirement, or within thirty days after the filing in the office of the comptroller of the applictaion for his retirement."

The designation in favor of petitioner Doris L. Barone was made under section 60 and became effective only upon the death of Joseph A. Barone before retirement while the designation in favor of John F. Barone was made under section 90 and became effective only after the retirement of Joseph A. Barone. Since Joseph A. Barone died prior to the effective date of retirement and prior to the effective date of the allowance option elected by him, the designation made under section 90 never became enforcible.

The petitioner-appellant John F. Barone contends that because of domestic difficulties between his brother and his brother's wife, it was the intention of his brother to change his beneficiary as to all benefits to which he was entitled under the Retirement and Social Security Law. Although that may have been his intention, he failed to change his beneficiary under section 60 in accordance with the terms of the statute. His election under Option One in favor of his brother was effective only under the terms of section 90 and, in view of his death prior to the effective date of retirement, his optional election did not become effective, and the terms of the statute must be applied as written. (*Matter of O'Brien* v. *Tremaine,* 285 N. Y. 233; *Smith* v. *New York State Employees' Retirement System,* 270 App. Div. 462.)

Since Joseph A. Barone died while a member of the Retirement System, an ordinary death benefit is payable under section 60 to his designated beneficiary who in this case was his wife Doris L. Barone and, under the statute, she is entitled to receive the payment of the death benefits.

The judgment should be affirmed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS and GABRIELLI, JJ., concur.

Judgment affirmed, without costs.