■ In the Matter of the Claim of SYLVIA WESSER, Respondent, v. HOUSE OF GOOD SHEPHERD et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed April 14, 1969, which: (1) found an accidental injury arising out of and in the course of employment on June 28, 1967; (2) excused statutory notice of claim; and (3) restored the matter to the Referee's calendar for development and determination as to degree of causally related disability in connection with said accidental injury and as to average weekly wage. Subsequent to this decision and upon restoral, an award was made and affirmed by the board. No question of appealability having been raised and all issues having been resolved, there is no need to dismiss this appeal *sua sponte*. Claimant's testimony, concerning her lifting of a rigid patient in the course of her employment as a nurse's aide on June 28, 1967 and of then experiencing pain in her lower back which radiated down into her left leg and left foot, justified the finding as to accidental injury. In April, 1967 at Ithaca claimant suffered brief pain upon being knocked down by her son-in-law and grandson who were engaging in horseplay. Dr. Sobel, the sole medical witness, testified that said nonindustrial incident could have been the competent producing cause of claimant's disability and at no time was there any medical opinion given that the work-related injury was or could have been, solely or in part, the competent producing cause of disability. Claimant can derive no satisfaction from the following portion of the doctor's cross-examination: "Q. It's a possibility the altercation was the competent producing cause of her condition? A. Yes. Q. Is it also possible, as in Dr. Kuper's history, if she did hurt her back at the House of Good Shepherd at that time lifting a patient? * * * A. Yes." Dr. Sobel would seem to have there stated that the altercation was possibly the cause even if she hurt her back at the House of Good Shepherd later, not that the work-related injury was or possibly was the competent producing cause of the disability, as respondents contend. Even if read as so desired, there is still an insufficiency of medical testimony since this sole medical witness would be testifying that either incident could have been such a cause, thus yielding, on the whole record, speculation and not substantial evidence (cf. *Matter of Burris v. Lewis,* 2 N Y 2d 323, 327). While the use by a medical expert of such qualifying terms as "possibly" or "could" would no longer negate the probative force of the testimony where such qualification merely represents an opinion expressed with caution and not certainty, *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414) was never intended to sanction a finding of substantial evidence based on such speculation as here involved. Dr. Sobel's testimony, in totality, fails to express a professional judgment that "causality should and could be

assumed" as to the June accident. The board excused claimant's failure to give notice within 30 days as required by section 18 of the Workmen's Compensation Law on the ground that she "continued working and when the pain in her back became severe, she secured medical treatment and the employer has not been prejudiced". Although failure to give said notice may be excused on the ground, *inter alia,* that the employer has not been prejudiced, a mere naked statement of "no prejudice" is not sufficient (*Matter of Zraunig* v. *New York Tel. Co.,* 32 A D 2d 686) and, when the board does excuse a failure to give notice, it must find facts which justify the failure (*Matter of Buchanan* v. *Deposit Cent. School,* 7 A D 2d 683). The fact that claimant continued working did not justify such a conclusion nor did the mere finding that she received prompt medical attention (cf. *Matter of Zraunig* v. *New York Tel. Co., supra*). The reason for the notice statute is to afford the employer the opportunity to properly investigate the occurrence and ascertain the extent of injury, the burden of showing that the delay has not been prejudicial being on claimant (*Matter of Tillotson* v. *New York Tel. Co.,* 33 A D 2d 612). Decision reversed and claim remitted for further proceedings on the issues of causal relation and notice, with costs against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr. and Cooke, JJ., concur; Greenblott, J., dissents and votes to remand in the following memorandum: I respectfully disagree with the majority that Dr. Sobel's testimony was insufficient to support a finding of causal relationship. The board was justified in concluding that Dr. Sobel's testimony was to the effect that it was possible that the incident in question was a competent producing cause of claimant's back condition. Such testimony is sufficient to sustain an award (*Matter of Ernest* v. *Boggs Lake Estates,* 12 N Y 2d 414). Furthermore, I disagree with the majority on the issue of notice. Although the board could have found that actual notice was given by claimant (see *Matter of Hughes* v. *St. Patrick's Cathedral,* 245 N. Y. 201; *Matter of Pfeiffer* v. *Glens Falls Ins. Co.,* 19 A D 2d 681), no findings on the question were made. The case should therefore be remanded for determination of this question.