In the Matter of CHRISTOPHER C. CALLERAME, Respondent, v ARTHUR LEVITT, as Comptroller of the State of New York, Appellant.

Third Department, July 10, 1975

*Louis J. Lefkowitz, Attorney-General (John Q. Driscoll* and *Ruth Kessler Toch* of counsel), for appellant.

*Wood & Chesler (Philip S. Glickman* of counsel), for respondent.

GREENBLOTT, J., Petitioner was employed as a fireman by the City of Rochester from 1947 to 1968. In June, 1950 and again in August, 1951, it is alleged, he suffered injuries in the course of his duties. Except for some periods of lost time allegedly due to said injuries, he continued as a fireman, performing lighter duties, until 1968. On or about December 29, 1970, petitioner applied to the Policemen's and Firemen's Retirement System for accidental disability retirement pursuant to section 363 of the Retirement and Social Security Law. His application was initially disapproved on the ground that the accidents of 1950 and 1951 were not the cause of his present disability. Petitioner requested a hearing and redetermination of his application, and at the opening of the hearing, appellant moved to dismiss the application on the ground that written notice had not been filed in the office of the Comptroller within 30 days after the accident, as required by subdivision c of section 363.

Said subdivision c provides that the Comptroller in his

discretion may excuse the failure to timely file upon a showing of good cause why such notice could not have been so filed. Upon conclusion of the hearing and filing of the hearing officer's report, appellant determined that good cause for excusing petitioner's failure to file had not been shown. Petitioner thereafter commenced the instant proceeding and Special Term concluded that by initially determining the application on the merits, appellant had waived the defense of timely notice, and therefore directed a rehearing for a determination on the merits of petitioner's application.

We disagree. There is simply nothing in the original rejection of petitioner's application on the merits constituting an express or implied waiver of other grounds for rejection thereof. Had the application been accepted, appellant might then be deemed to have excused the notice filing requirement, but in view of the action actually taken, it is apparent that appellant simply omitted in the first instance to make a determination on the question of whether notice should be excused.

This conclusion does not mean, of course, that appellant may arbitrarily refuse to excuse untimely notice merely because his determination is challenged on the merits. While his statutory power is discretionary, that discretion may not be abused by a refusal to excuse a failure to file where good cause is clearly shown. Here, however, there was no such showing. Decision was reserved on the motion made at the hearing to dismiss the application until completion of the hearing, and petitioner's counsel, without requesting an adjournment to prepare to meet the issue of good cause, stated that he would submit proof on whether good cause had been shown. During the hearing, however, the only evidence adduced was to the effect that notice had not been filed in the office of the Comptroller because petitioner did not know of the requirement. Appellant did not abuse his discretion in failing to find this as constituting good cause.

In the circumstances of this case, however, there is another issue which must be resolved before a conclusive determination can be made as to the timeliness of petitioner's application. Subdivision c of section 363 provides that the notice ordinarily required by that subdivision need not be given "[i]f notice of such accident shall be filed in accordance with the provisions of the workmen's compensation law." The parties do not disagree that some notice was given to petitioner's

superiors, but the timing, manner and ultimate recipients thereof cannot be readily determined from the present record, and no findings were made by the appellant as to whether any notice that was given should be deemed to have been "filed in accordance with the * * * workmen's compensation law". Therefore, further proceedings must be had at which this issue can be developed, and if the matter is resolved favorably to the petitioner, a determination on the substantive merits of petitioner's application should then be made on the basis of the evidence adduced at the prior hearing.*

The judgment should be reversed, on the law and the facts, and the matter remitted for further proceedings not inconsistent herewith, without costs.

HERLIHY, P. J., KANE, LARKIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, and matter remitted for further proceedings not inconsistent herewith, without costs.

---

* While it appears that Special Term would order a rehearing on the merits, it appears that all medical evidence desired to be offered was adduced at the prior hearing, and, therefore, only findings of fact need be made if the application is found to be timely.