■ In the Matter of RICHARD HELMICH, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent. In the Matter of DOROTHY SCHRADER, Petitioner, v NEW YORK STATE POLICEMEN'S AND FIREMEN'S RETIREMENT SYSTEM, Respondent.—Proceedings pursuant to CPLR article 78 (transferred to this court by orders of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Comptroller denying petitioners' applications for accidental disability retirement. Both petitioners were members of the City of Buffalo Police Department and each allegedly sustained a series of work-related injuries rendering them incapacitated for the performance of their duties. Although they apparently informed the department of each occurrence shortly after it happened, notification of these events never reached the respondent until their applications for accidental disability retirement were separately filed on February 6, 1975 and May 24, 1975. Respondent's position disapproving the applications for failure to meet the statutory requirements was sustained following a hearing and these proceedings ensued. Subdivision c of section 363 of the Retirement and Social Security Law provides that a notice containing certain details must be filed with the Comptroller within 30 days after the accident unless excused by him. We reject petitioners' argument that notice to the department constituted notice to the respondent under some theory of agency (cf. *Matter of Nizzico v New York State Policemen's & Firemen's Retirement System,* 46 AD2d 717). However, at the time these applications were made, the same statute also provided that such notice need not be given "If notice of such accident shall be filed in accordance with the provisions of the workmen's compensation law" (Retirement and Social Security Law, § 363, subd c). Testimony and exhibits introduced at the hearings plainly demonstrate that the department was apprised of injuries to these petitioners and, since the Workmen's Compensation Law requires only that notice of injury be given to the *employer,* it was error for the respondent to disapprove these applications without considering whether the information supplied to the department complied with that law (Workmen's Compensation Law, § 18; cf. *Matter of Callerame v Levitt,* 48 AD2d 419). Therefore, the petitions should be granted to the extent of annulling the present determinations and remitting the matters to respondent for further proceedings. Petitions granted to the extent of annulling the present determinations and matters remitted for further proceedings not inconsistent herewith, without costs. Greenblott, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.