■ In the Matter of JOHN L. BROWN, SR., Petitioner, v ARTHUR LEVITT, as State Comptroller and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement. Petitioner was a member of the Ithaca Police Department when, on October 16, 1969, he suffered a myocardial infarction. Thereafter, he did not resume his duties with the police force until August 17, 1970, and then approximately two months later, on October 14, 1970, he was admitted to the hospital with unstable angina. Following this latter incident, his doctor determined that he was totally disabled from performing his duties as a police officer, and the Ithaca Chief of Police notified the New York State Policemen's and Firemen's Retirement System, on October 15, 1970, that petitioner had suffered a heart attack on October 16, 1969 and was applying for disability retirement. Not until November 17, 1970, however, did petitioner file an application for accidental disability retirement dated November 12, 1970, and this application was denied on May 21, 1971 on the ground that the 1969 attack did not constitute an

accident within the meaning of that term as used in section 363 of the Retirement and Social Security Law. Subsequently, a hearing was conducted on the matter which resulted in a determination adverse to petitioner. As a consequence thereof, petitioner commenced an article 78 proceeding to challenge the result, and Special Term ordered a *de novo* hearing "free from the contentious atmosphere that characterized" the earlier hearing. Ultimately, after the *de novo* hearing, petitioner's application was again denied, by determination dated July 15, 1975, on the grounds that his injuries were not caused by nor in the performance of his duties as a policeman; that he had failed to comply with the notice provisions of subdivision c of section 363 of the Retirement and Social Security Law and that no good cause was shown to excuse such failure. This proceeding ensued. Upon our review of the record, we find that respondent's denial of accidental retirement benefits to petitioner cannot be sustained. In so ruling, we agree with respondent that the unstable angina incident does not entitle petitioner to the claimed benefits, which could be granted only for an accident sustained by petitioner in the line of duty (see Retirement and Social Security Law, § 363, subd a, par 2), because petitioner did not work on October 14, 1970, the date of that attack. With regard to the infarction in 1969, however, we reach a different conclusion. Contrary to respondent's assertion, this attack obviously occurred while petitioner was on duty since, when he left work on October 16, 1969, he was already feeling ill and a few hours later he was hospitalized. Such being the case, the pivotal question to be asked is whether petitioner's final disabling heart impairment resulted from the unnatural progression of his underlying heart disease caused by some specific physical activity at work, in which case an award of accidental disability benefits would be warranted (see *Matter of Pastor v Levitt*, 58 AD2d 669). On this issue, not only did petitioner present persuasive evidence that the infarction was causally related to specific work activity, e. g. at the time of the attack he was a middle-aged overweight male with underlying heart disease who had logged an extraordinary amount of strenuous overtime work during the days, weeks and months immediately preceding the incident, but he was also benefited by the statutory presumption that his heart impairment was the result of an accident (Retirement and Social Security Law, § 363-a). To prevail, respondent must have rebutted this presumption with substantial evidence to the contrary *(Matter of Bunnell v New York State Policemen's & Firemen's Retirement System,* 50 AD2d 244, app dsmd 39 NY2d 742), and this he failed to do. His strongest evidence was to the effect that petitioner had been treated for heart disease since 1963 and that, if at the time of the attack he was performing only his "usual and customary duties", the attack was probably not job connected. Under the circumstances here wherein petitioner had been performing extraordinary overtime duties, such evidence was plainly insufficient to rebut the presumption and justify a denial of benefits. Having resolved that petitioner's heart impairment was such as to warrant a grant of benefits, we must finally consider whether he fulfilled the notice requirement of subdivision c of section 363 of the Retirement and Social Security Law which is applicable to this case *(Matter of Weiss v Levitt,* 55 AD2d 724). Prefatorily, on this issue, we would point out that, by initially rejecting petitioner's application on the merits, in May of 1971, respondent did not thereby waive the defense of timely notice *(Matter of Callerame v Levitt,* 48 AD2d 419). Such being the case, we have examined the subject statute and find that in 1969 it provided that no application for benefits could be approved unless written notice was filed with the Comptroller within 30 days after the accident. Alternatively, the Comptroller was

authorized to excuse a failure to file "[F]or good cause shown why such notice could not have been so filed" and notice filed in accordance with the Workmen's Compensation Law likewise served to excuse a failure to notify the Comptroller. Here, notice was admittedly not filed with the Comptroller within 30 days of the accident, and no good cause is shown in the record why such notice could not have been given. However, it does appear that the Ithaca Chief of Police had notice of the 1969 infarction shortly after its occurence, and, since the Workmen's Compensation Law only requires notice to the employer (Workmen's Compensation Law, § 18), this matter must accordingly be remitted for further proceedings to determine whether the failure to notify the Comptroller within 30 days should be excused because of petitioner's compliance with the notice requirements of the Workmen's Compensation Law (cf. *Matter of Helmich v New York Sate Policemen's & Firemen's Retirement System*, 55 AD2d 730; *Matter of Callerame v Levitt, supra).* Petition granted to the extent of annulling the present determination and matter remitted for further proceedings not inconsistent herewith, without costs. Koreman, P. J., Greenblott, Sweeney, Mahoney and Main, JJ., concur.