■ In the Matter of BERNARD J. DOLAN, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which disapproved petitioner's application for an accidental retirement allowance pursuant to section 363 of the Retirement and Social Security Law. On August 3, 1974, petitioner filed an application for accidental disability retirement benefits with respondent, New York State Policemen's and Firemen's Retirement System, alleging that on July 20, 1973, while in the performance of his duties as a patrolman employed by the Mount Vernon Police Department, he received a permanent injury to his left foot. Petitioner's application was denied on August 28, 1974 on the ground that he neither filed the written notice required by subdivision c of section 363 of the Retirement and Social Security Law nor gave such notice to the Workmen's Compensation Board. Subdivision c of section 363 of the Retirement and Social Security Law provides that a notice containing certain details must be filed in the office of the Comptroller within 30 days after the accident unless failure to file is excused by him for good cause. Notice to the Comptroller need not be given if notice was filed in accordance with the provisions of the Workmen's Compensation Law. At hearings held on December 17, 1974 and July 7, 1975, petitioner testified that he first visited his attorney's office on August 14, 1973, and brought with him a notice form which he had received from the police department; that his attorney's associate, Mr. Lipson filled out the form and had the petitioner sign it; and that petitioner left the form with Mr. Lipson to be mailed. Mr. Lipson testified that he filled out the form in longhand and dictated a short cover letter to his secretary, Mrs. Giordano. Copies of the letter and the notice were received in evidence as petitioner's Exhibit A. Mrs. Giordano testified that, although she had no independent recollection of the letter, her initials were on the letter, and that, therefore, she would have been the only person to have typed it. She further testified that she does all the mailing herself, and that the date a letter is typed, it is mailed. The cover letter was dated August 17, 1973. It was addressed "Comptroller, State of New York, Albany 1, New York", which was the address printed on the form. Petitioner's attorney testified that the envelope was never returned to him, although his name would have been on the return address. The hearing examiner specifically found that no notice was received in the Comptroller's office, and that no good cause was shown to excuse failure to file the notice. By a final determination, dated September 23, 1975, the State Comptroller

disapproved petitioner's application upon the grounds that (a) since no notice of accident was filed within 30 days after the accident, petitioner failed to comply with subdivision c of section 363 of the Retirement and Social Security Law; (b) no good cause was shown to excuse petitioner's failure to timely file the notice; and (c) petitioner did not file a notice of accident in accordance with the provisions of the Workmen's Compensation Law since petitioner was not covered by such law. Petitioner contends that the testimony presented, that a notice and covering letter were mailed on August 17, 1973, proved sufficient compliance with the statutory requirement. However, the statute requires that notice shall have been "filed" within 30 days after the accident. There is no filing as required by law, except by delivery to an official whose duty it is to receive papers for filing and who is required to maintain an office for their deposit (*Matter of Robillard v Levitt*, 44 AD2d 611). It was incumbent on petitioner or his attorney to not only mail the notice on time, but also to properly address the notice to the State Comptroller, or to adopt other means to assure delivery of the notice to the Comptroller for filing. Petitioner failed to meet his burden of proving that the notice was filed within 30 days after the accident and, therefore, it was not validly made (cf. *Matter of Barone v Levitt*, 29 AD2d 149; *Marcus v New York City Employees' Retirement System*, 247 App Div 111, mot for lv to app den 271 NY 664). Substantial evidence supports the finding that notice was not filed within 30 days, and that, in the exercise of respondent's discretion, no good cause was shown for the failure to file. Petitioner also presented evidence that he reported the accident to his superior, Captain Hahn, at the scene of the accident, and shortly thereafter an accident report was made out at the police station. Captain Hahn investigated the accident and determined that the injury was caused in the line of duty. Since the Workmen's Compensation Law requires only that notice of injury be given to the employer, it was error for the respondent to disapprove the application without considering whether the information supplied to the department complied with the law (Workmen's Compensation Law, § 18; *Matter of Brown v Levitt*, 58 AD2d 915; *Matter of Helmich v New York State Policemen's & Firemen's Retirement System*, 55 AD2d 730; *Matter of Callerame v Levitt*, 48 AD2d 419). Therefore, the petition should be granted to the extent of annulling the present determination and remitting the matter to respondent for further proceedings. Petition granted to the extent of annulling the present determination and matter remitted for further proceedings not inconsistent herewith, without costs. Kane, J. P., Staley, Jr., Main and Larkin, JJ., concur; Mikoll, J., dissents and votes to annul in the following memorandum. Mikoll, J. (dissenting). I respectfully dissent. The evidence before the hearing officer established receipt of written notice by the Comptroller as required by subdivision c of section 363 of the Retirement and Social Security Law. The disapproval by the Comptroller of petitioner's application should be annulled and the matter remitted to the respondent for processing of the application.