■ In the Matter of NICHOLAS MARGIASSO, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. On July 20, 1951, petitioner was allegedly involved in a motorcycle accident which occurred while he was on duty as a police officer for the City of Syracuse. Claiming that this accident ultimately resulted in his being totally and permanently disabled by advancing arthritis, he filed an application for accidental disability retirement benefits with the New York State Employees' Retirement System more than 25 years later on August 9, 1976, and his application was denied by the Comptroller upon the ground that he had not filed notice of the accident in the office of the Comptroller as required by subdivision c of section 363 of the Retirement and Social Security Law. When he subsequently requested a hearing and redetermination of his application, a hearing was held on the matter, after which the Comptroller adhered to his original determination. The present proceeding ensued. We hold that the challenged determination must be confirmed. An examination of petitioner's testimony at the hearing clearly establishes that he did not personally file the statutorily required notice with the Comptroller and that he had no knowledge or other evidence that anyone else filed such a notice on his behalf. Moreover, no good cause has been shown why the notice could not have been properly filed, and, under these circumstances, the determination that the requisite filing was not made is plainly supported by substantial evidence. Such being the case, petitioner's sole remaining contention is that, since his employer had actual knowledge of his accident, notice was given in accordance with the provisions of the Workers' Compensation Law (see *Matter of Scaccia v Cyprus Mines Corp.,* 45 AD2d 789) and that, therefore, no notice to the Comptroller was required by subdivision c of section 363 of the Retirement and Social Security Law. We cannot agree. Pursuant to the notice provision of the Workers' Compensation Law, i.e., section 18, notice may only be given by or in behalf of one "claiming to be entitled to compensation", and in this instance such notice could not possibly have been given because the employer concededly did not provide petitioner with compensation coverage. Accordingly, the Comptroller could reasonably reject this final argument of the petitioner, and such a result is necessary for the notice requirement in the Retirement and Social Security Law to be

effective *(Matter of Helmich v Levitt,* 65 AD2d 897). Otherwise, notice to an employer who did not provide compensation coverage and, therefore, had no incentive to investigate an alleged accident would be adequate, and claims that are not genuine might well be approved (cf. *Matter of Wesser v House of Good Shepherd,* 37 AD2d 1005). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Staley, Jr., Main and Larkin, JJ., concur.