## (December 21, 1978)

In the Matter of LOTTIE LEVY, Petitioner, v ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application to be deemed to have been a member of the New York State Employees' Retirement System prior to July 1, 1973, and determined that the petitioner became a member of the retirement system on March 22, 1974. On March 22, 1974 the petitioner, a clerk in the Unemployment Insurance Division of the New York State Department of Labor, became a member of the New York State Employees' Retirement System. In connection with her application she contended that she should be regarded as a continuing member of the retirement system since 1965 when she alleged she joined the system by filing an application while employed on a part-time basis. The respondent rejected this contention and after a fair hearing affirmed the findings of the hearing officer that petitioner, as a part-time employee of the Department of Labor in 1965, was required to file a membership application with the

Comptroller and, further, since she did not file such an application prior to 1974 she could not be considered a member of the old retirement system. The determination of the respondent is supported by substantial evidence and must be sustained (Matter of Pell v Board of Educ., 34 NY2d 222; Matter of Cortland-Clinton, Inc. v New York State Dept. of Health, 59 AD2d 228). Petitioner's contention that she should not be responsible for the loss of her alleged 1965 application is without merit. She concedes that she did not personally file the same with the Comptroller but, rather, gave it to her supervisor. This court recently stated in Matter of Dolan v Levitt (61 AD2d 1075, 1076) "There is no filing as required by law, except by delivery to an official whose duty it is to receive papers for filing and who is required to maintain an office for their deposit". Finally, we find that petitioner did not qualify for retroactive entry into the retirement system which existed prior to 1973 (L 1974, ch 510, § 30) because she cannot meet the statutory requirement of State employment on June 30, 1973. We find petitioner's other contentions to be without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.