■ In the Matter of JOHN L. BROWN, SR., Petitioner, v EDWARD V. REGAN, as State Comptroller and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for accidental disability retirement benefits. Petitioner was formerly a policeman for the City of Ithaca, and in this proceeding he seeks an award of accidental disability retirement benefits as a result of a heart attack which he suffered on October 16, 1969 and a subsequent unstable angina incident which occurred on October 14, 1970 (see Retirement and Social Security Law, §§ 363, 363-a). The pertinent underlying facts are set forth in *Matter of Brown v Levitt* (58 AD2d 915), wherein this matter was previously before this court and it was remitted for further proceedings to determine whether petitioner's failure to notify the Comptroller of his 1969 heart attack within 30 days of the attack (see Retirement and Social Security Law, § 363, subd c) should be excused because of petitioner's compliance with the notice requirements of the Workers' Compensation Law. Following a hearing, the Comptroller resolved this question adversely to petitioner and

the instant proceeding ensued. We hold that the challenged determination should be confirmed, and in so ruling we adhere to our earlier rulings that the 30-day notice requirement is applicable to this case and that no good cause has been shown why petitioner could not have given the required notice (see *Matter of Brown v Levitt, supra).* Moreover, we also concluded in our earlier decision that the 1970 angina incident was not an accident that entitled petitioner to the claimed benefits. Such being the case, his present request to amend his application for benefits so as to substitute the angina incident for the earlier heart attack as the accident allegedly entitling him to the benefits is without any substance. Petitioner's remaining contentions are similarly lacking in merit. The dismissal of the petition herein is neither atbitrary nor capricious, and it does not serve to completely deny the clear legislative intent embodied in section 363-a of the Retirement and Social Security Law. Instead, this result merely applies a reasonable notice requirement to petitioner's claim, and since it is uncontested that the City of Ithaca did not provide coverage for its police under the Workers' Compensation Law on October 16, 1969, petitioner's failure to comply with the notice requirement is not excused by his compliance with the notice requirements of the Workers' Compensation Law *(Matter of Margiasso v Levitt,* 65 AD2d 910; *Matter of Helmich v Levitt,* 65 AD2d 897). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Main and Mikoll, JJ., concur.