■ In the Matter of Bernard J. Dolan, Appellant, v Edward V. Regan, as Comptroller of the State of New York, Respondent. — Appeal from a judgment of the Supreme Court at Special Term, entered December 11, 1979 in Albany County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul the determination of the Comptroller denying petitioner's application for accidental disability retirement. These proceedings were previously before this court and the pertinent facts are set forth in our decision in Matter of Dolan v Levitt (61 AD2d 1075). There we remitted the case for determination as to whether information given the Mount Vernon Police Department complied with the notice requirement of section 18 of the Workers' Compensation Law. Following a rehearing, the

Comptroller again denied the application on the ground that since the employer did not provide workers' compensation coverage, notice given to the employer did not fulfill the notice requirement contained in subdivision c of section 363 of the Retirement and Social Security Law *(Matter of Margiasso v Levitt,* 65 AD2d 910; *Matter of Helmich v Levitt,* 65 AD2d 897). Pursuant to article 78 of the CPLR, petitioner sought an order annulling the determination of the Comptroller. The petition was denied by Special Term and this appeal ensued. The sole issue is whether notice of an accident given to an employer who did not provide workers' compensation coverage fulfills the notice requirements contained in subdivision c of section 363 of the Retirement and Social Security Law. Petitioner's argument that notice given to such an employer is sufficient to invoke the exception contained in the statute has recently been rejected *(Matter of Margiasso v Levitt, supra; Matter of Helmich v Levitt, supra).* These cases hold that notice of an accident given to an employer which is not required to, and does not in fact provide workers' compensation benefits, cannot fulfill the requirements to give notice to the Comptroller of an accident pursuant to subdivision c of section 363 of the Retirement and Social Security Law. Judgment affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.