■ In the Matter of JACK MASSARO, Petitioner, v EDWARD V. REGAN, as State Comptroller and Administrative Head of the New York State Policemen's and Firemen's Retirement System, Respondent. (And Another Related Proceeding). — Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Comptroller which denied an application by petitioner Massaro for accidental disability retirement benefits. Petitioner Jack Massaro was a police officer employed by petitioner Village of Port Chester when, on February 22, 1978, he was allegedly involved in an automobile accident while performing his official duties. Although a police accident report and a police offense report were filed with the village within one week of the alleged accident, no notice of accident was filed with the State Comptroller within 90 days of the accident as required by subdivision c of section 363 of the Retirement and Social Security Law, and significantly, the village did not provide workers' compensation coverage for its employees at the time of the accident. Thereafter, on October 9, 1979, petitioner filed with the Comptroller an application for accidental disability retirement benefits

wherein he alleged that he was disabled as a consequence of the February 22, 1978 accident. This application was denied on the ground that petitioner had not filed a notice of accident in accordance with the above-cited statute. Following a hearing on the matter, the application was again denied, based in part upon our holding in *Matter of Margiasso v Levitt* (65 AD2d 910) to the effect that an employee, whose employer does not provide workers' compensation coverage, cannot fulfill the notice requirement of subdivision c of section 363 of the Retirement and Social Security Law by giving notice of an accident in accordance with section 18 of the Workers' Compensation Law. With these circumstances prevailing, petitioners each commenced an article 78 proceeding to challenge the denial of the subject application. The sole argument raised is that we should reconsider and overrule our earlier holding in *Matter of Margiasso v Levitt* (*supra*). Their arguments are unpersuasive, however, and do not convince us to abandon our prior holding to which we have adhered in subsequent similar situations (see, e.g., *Matter of Dolan v Regan,* 81 AD2d 737; *Matter of Brown v Regan,* 73 AD2d 781). Determination confirmed, and petitions dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.