■ In the Matter of DONALD R. McINTYRE, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Comptroller which denied petitioner's application for military service time credit toward retirement. Petitioner began his employment as a hospital attendant at the Clinton Correctional Facility in December, 1954. His employment there was interrupted from January 24, 1956 to about January 16, 1958, due to his service in the United States Army. On his return to the correctional facility in January, 1958, he made inquiry at the facility's personnel office as to how he could gain credit toward his retirement for the time he had served in

the military. He was wrongfully informed by a clerk that nothing need be done by him, that the credit for an employee's military time was automatic. Upon the advice of the clerk, and "to be sure", a letter was prepared by petitioner, signed by him and properly addressed to the retirement system, whereby he stated in pertinent part: "I would like this two year stint in the army to count toward my N.Y. State Retirement, and if contributions on my part are required, I hereby authorize and request that all appropriate deductions from my pay checks be made so that this can be accomplished. Please begin deducting this money as soon as possible and in an amount that will fully reimburse the Retirement System within four years of this date." The clerk placed the letter into the "institutional mail" for regular mailing and placed a copy thereof in petitioner's personnel file. The State Employees' Retirement System states that it never received the letter. No deductions were ever made from petitioner's paycheck to effectuate the necessary contributions to the retirement system. Petitioner did nothing more in the matter until June of 1979, when, desiring to retire with 25 years' credit in the retirement system, he applied for retirement. He was then informed that he lacked two years because he had not received credit for his military service time. The Comptroller, after a hearing, denied petitioner's application to have the time credited to his retirement. This proceeding ensued. Petitioner contends that the determination of respondent was arbitrary and capricious. He argues that the facility's personnel clerk was an "agent" of the retirement system and that it should therefore be estopped from raising his failure to contribute to the retirement system within the five-year period specified by law. The arguments of petitioner must be rejected and the determination of the Comptroller confirmed. Under the provisions of subdivision 4 of section 243 of the Military Law, petitioner was required to contribute the necessary moneys to the retirement system within five years of his return to employment in order to have his military service time credited toward his retirement. Respondent, finding that the 1958 letter was not "duly served" on the retirement system, determined that he had not met with this express requirement of the statute and thus denied his application for retirement credit. Since this determination is supported by substantial evidence, it must be sustained (*Matter of Pell v Board of Educ.*, 34 NY2d 222; *Matter of Levy v Levitt*, 66 AD2d 948). Leaving his 1958 letter with a Department of Correctional Services personnel clerk was not a "proper filing" with the retirement system (*Matter of Levy v Levitt, supra; Matter of Robillard v Levitt*, 44 AD2d 611). The 1958 letter addressed to the retirement system indicated petitioner's awareness that deductions from his paycheck were necessary for him to receive retirement credit for his military service time. However, he did nothing more regarding the matter although he received no reply from the retirement system and no deductions were made from his paycheck. Under these circumstances, it was incumbent upon him to make further inquiry to the retirement system and no estoppel against the system will lie. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.