■ In the Matter of BONITA FARANDA, Petitioner, v EDWARD V. REGAN, as State Comptroller, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for accidental disability retirement benefits. ¶ Petitioner, while serving as a police officer for the City of Yonkers, allegedly sustained an accidental injury to her back on August 31, 1968. Her application for disability retirement, filed May 4, 1981, was denied upon the ground that she failed to give the notice required by subdivision c of section 363 of the Retirement and Social Security Law. Pursuant to that requirement, as it read in 1968, written notice of the accident had to be given to the Comptroller within 30 days of the accident. Although petitioner testified that she was assured by her employer that the retirement system had been notified, there is no evidence that the notice requirement was actually complied with. Accordingly, there is a rational basis for the determination that petitioner failed to file the required notice with the Comptroller. ¶ In the alternative, subdivision c of section 363 of the Retirement and Social Security Law provides that notice to the Comptroller need not be given if notice of the accident is filed in accordance with the Workers' Compensation Law. This court has held that where a municipality does not provide workers' compensation coverage for its police officers, the notice requirement of subdivision c of section 363 of the Retirement and Social Security Law cannot be fulfilled by giving notice of the accident in accordance with the Workers' Compensation Law (e.g., *Matter of Massaro v Regan,* 85 AD2d 857, mot for lv to app den 56 NY2d 501). Petitioner herein submitted proof that the City of Yonkers had been granted self-insured status by the Workers' Compensation Board, but that merely establishes the financial ability of the city to pay compensation to its employees who are statutorily entitled to compensation (see Workers' Compensation Law, § 3, subd 1, group 17; § 50, subd 3). While the city could extend workers' compensation coverage to those, such as police officers, not statutorily included (see Workers' Compensation Law, § 3, subd 1, group 19; 1976 Opn Atty Gen 140), there is no proof that the City of Yonkers elected to do so herein. There is, therefore, a rational basis for the determination that the notice requirement of subdivision c of section 363 of the Retirement and Social Security Law had not been satisfied by giving notice to the employer. The determination should be confirmed. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.