OPINION OF THE COURT
Albert A. Blinder, J.
The defendant has moved, inter alia, for summary judgment dismissing the claims of both claimants.[1] Messrs. Skwiersky and Hester, who are attorneys-at-law, appearing pro se, seek damages equal to their contributions to the New York State Employees’ Retirement System (hereinafter Retirement System) and to the Social Security System for various periods of time.
At the hearing of this motion,[2] the court advised the parties hereto that it would construe the motions as applications for summary judgment by both sides and allowed additional time for further submissions to be made. During the interim, and prior to final submission, settlement negotiations were held but were stalemated over the issues of how and in what manner claimants would be reimbursed.
Additionally, claimant Joseph J. Hester has moved for permission to file a late claim, pursuant to section 10 (6) of the Court of Claims Act, in which the proposed claim contains a demand for damages for a period of time subsequent to that covered by the claim already filed. In opposition, the defendant does not address any of the criteria listed in the statute, except the factor of the appearance of merit.
Initially, we do not find that Mr. Hester has set forth a reasonable excuse for the failure to file timely. (See, e.g., Sevillia v State of New York, 91 AD2d 792.) However, it is clear to the court that the existence of a previously served and *368 filed claim, which contained identical causes of action, albeit for a different period of time, mandates finding in Mr. Hester’s favor on the factors of notice, opportunity to investigate and lack of substantial prejudice. We also cannot discern the availability of any alternate remedy.
The issue of the appearance of merit of the proposed claim is of greater concern and deserves greater scrutiny. We will analyze this factor in conjunction with our determination of the motions for summary judgment.
The uncontested facts are as follows and, except where noted, are common to the claims of both Mr. Skwiersky and Mr. Hester. The claimants were employed by the Office for the Investigation of the New York City Criminal Justice System. In July of 1985, they were transferred to the Criminal Prosecutions Bureau of the New York State Department of Law (hereinafter Department). On July 11, 1985, Mr. Skwiersky was directed to go to the administrative office of the Department, located in New York City. Mr. Hester was given the same direction on July 12,1985.
The claimants were both informed, albiet on separate occasions, that they were becoming permanent employees and, therefore, were required to join the Retirement System.[3] Mr. Skwiersky took the additional step of questioning the accuracy of this information. Thereupon, and as a result, a telephone call was placed by an unidentified female employee of the administrative office in claimant’s presence. After the telephone call, Mr. Skwiersky was again informed that he was a permanent employee and he was, therefore, required to enroll in the Retirement System. Both claimants executed the necessary applications relying on the erroneous information.
In October of 1985, both claimants discovered that the aforesaid information, i.e., that they were permanent employees of the Department of Law, was indeed erroneous and that they were both "temporary” employees (funded for payroll purposes by another agency) who were not required to join the Retirement System.
The claimants then endeavored to cancel their membership in the Retirement System. Written requests for that relief, contained in letters to the Director of Member Services of the Retirement System, were denied.
*369 Mr. Skwiersky sought further review by requesting a hearing and redetermination of his application for withdrawal from the Retirement System and a refund of contributions already made. The hearing was held on January 27, 1986, before Honorable DeForest C. Pitt, Hearing Officer. On June 23, 1986, Judge Pitt issued a decision denying Mr. Skwiersky’s request for relief ruling, in essence, that estoppel was not available against the Retirement System.
Claimants are seeking money damages for the alleged negligence of the employee of the Department of Law in providing erroneous information upon which they relied to their detriment. Both assert, unequivocally, that each would have declined to join the Retirement System had they been provided with the correct information.
We are not concerned here with a suit against the Retirement System which, of course, cannot be estopped for the wrongful actions or erroneous information provided by a participating employer or its employees. (See, e.g., Burns v Regan, 87 AD2d 944; McIntyre v Regan, 87 AD2d 679; cf., Diaz v State of New York, Ct Cl, Feb. 21, 1989, Lengyel, J., mot No. M-39754.)
After Mr. Skwiersky had filed three successive claims, covering differing periods of time, the defendant moved for dismissal of them before another Judge of this court.[4] Apparently, the defendant argued, inter alia, that the claims sought, essentially, equitable relief and the claims were barred by sovereign immunity. The court rejected these arguments, holding that the claims sought money damages for "the alleged ministerial neglect of a Department of Law employee.” (Skwiersky v State of New York, Ct Cl, claims Nos. 72116, 72420, 72928, mot No. M-34911, Dec. 31, 1986, Koreman, J., at 3.)
We are aware of the differing standards to be employed in deciding a motion for summary judgment versus one for dismissal on the pleadings. However, notwithstanding the distinctions, this court finds itself in agreement with the legal determination of Judge Koreman regarding the type of activity for which the defendant is now sought to be cast in liability. (Cf., Kaufman v Lilly & Co., 65 NY2d 449.)
The Court of Appeals has enunciated the following rule to *370 be applied in deciding whether an act is to be considered discretionary or ministerial: "discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result.” (Tango v Tulevech, 61 NY2d 34, 41.)
It is to be noted that the defendant does not contradict the facts as outlined heretofore, and has not submitted any affidavit by an individual with personal knowledge regarding the same. Indeed, counsel for the defendant, quite disingenuously, indicates in an "Affirmation”, dated January 27, 1988, that "for purposes of this motion [Hester’s], the defendant has assumed, arguendo [sic], certain of claimant’s allegations”. Thus, the defendant has failed to raise any issue of fact. (See, Andre v Pomeroy, 35 NY2d 361.)
It is clear to the court that the defendant’s employee had a duty[5] to impart accurate information regarding the employment status of these claimants to them in order that they could make informed and appropriate determinations as to their optional membership in the Retirement System. This constituted a ministerial act. (Cf., Ford Motor Credit Co. v State of New York, 133 AD2d 980.) The breach of that duty, in effect, deprived them of that ability and was the proximate cause of the damages they incurred. Having reached this conclusion, we have no need to pass upon the alleged causes of action for breach of implied contract or their viability. (Cf., Alonzo v State of New York, 73 AD2d 760.)
We also note that neither claimant had any choice nor the ability to challenge the information provided. Faced with erroneous information and an unequivocal direction that they were compelled to join the Retirement System, we fathom no possibility that claimants were culpable, to any degree, for that act.
Hence, we find that the claimants are entitled to judgments on the issue of liability. The claimants’ motions for summary judgment thereon are granted.
The issue of damages, however, presents a myriad of problems for which a trial will be necessary.
*371 The only matter left open is claimant Hester’s cross motion pursuant to section 10 (6) of the Court of Claims Act for damages incurred for the period of December 24, 1985 to August 20, 1986. Based on this court’s determinations herein, the court finds that all of the mandated factors, with the exception of a reasonable excuse, weigh in favor of the court granting the motion and it is, hereby, granted.
Claimant, Joseph J. Hester, shall serve and file the proposed claim in accordance with the Court of Claims Act and rules of this court, within 10 days of the service of the order herein, with notice of entry thereof, but no later than June 1, 1989. Thereafter, this claimant is directed to move pursuant to CPLR 3212 within 20 days of service of the responsive pleading to the claim to be filed pursuant to this memorandum opinion.
The trial on damages will abide the foregoing events.
The chief clerk is directed to enter interlocutory judgments on the issue of liability on claims Nos. 72116, 72420, 72928, 73405, 73889, 74313, 74728, 75263, 75699 and 76236, all filed by claimant Skwiersky, and on claim No. 72147, filed by claimant Hester.
The State’s application to consolidate all the Skwiersky claims is granted to the extent that a joint trial will be held on the issue of damages.

. Although a Judge of this court ordered consolidation of several of the Skwiersky claims (see, mots Nos. M-35133, M-36982) no single claim number was designated.

. Claimant Skwiersky orally agreed to accept the State’s answer in claim No. 72928. Therefore, that branch of defendant’s motion is denied, as moot.

. It is undisputed that if the claimants were temporary employees, they could have had the option of refraining from joining the Retirement System and would not have been subject to having deductions made for Social Security tax.

. At that point in time, Mr. Skwiersky’s claims were venued in the Albany district.

. The State’s motion papers do not dispute the issue of law concerning the employer’s duty to furnish truthful and accurate information to its employees relative to the nature of the employment, the compensation to be paid, the budget line funding the position as well as the agency chargeable with payment.