Minnie K. Marcus, as Administratrix, etc., of Morris Marcus, Deceased, Plaintiff, *v.* New York City Employees' Retirement System, Defendant.

First Department, March 13, 1936.

*Max Rockmore* of counsel [*Aaron Marcus,* attorney], for the plaintiff.

*Ralph W. Thomas* of counsel [*Paxton Blair* with him on the brief; *Paul Windels, Corporation Counsel*], for the defendant.

Townley, J.   This controversy arises out of a claim by the widow of Morris Marcus to recover a death benefit alleged to be due her under option 1 of section 1720 of the Greater New York Charter.

Morris Marcus was in the city service as chief probation officer in the Domestic Relations Court and was a member of the defendant, New York City Employees' Retirement System. He was retired on April 12, 1935, after he had passed the age of fifty-five years and had been over thirty-three years in service. The retire-

ment took effect as of May 1, 1935. Prior to that date the defendant advised the deceased as to his right to elect to take benefits under options 1, 2 or 3 of section 1720 (*supra*). Marcus, however, filed no election of the benefits to which he was entitled. The defendant called his attention to this omission on May 21, 1935. On May twenty-second Marcus filled out and signed one of the printed forms indicating that he elected option 1 and designated his wife, Minnie K. Marcus, as beneficiary. The form was left with the deceased's brother's secretary with instructions to deliver it to his brother for filing with the defendant. No attempt was made to file the paper until June 10, 1935. Meanwhile, on May 31, 1935, Morris Marcus died intestate, leaving the plaintiff-widow surviving, who qualified as administratrix. On June 10, 1935, the paper in question was tendered to the defendant for filing and the tender was refused. On June twenty-fourth, when it was again offered with supporting affidavits, it was accepted and filed.

According to the submission, " it was the definite intention of Morris Marcus to select the benefits provided by Option 1 of Section 1720, and that no other selection was made by him, but that such intention was in no way communicated to defendant other than as above stated." No payments were made by the defendant to Morris Marcus on account of any retirement allowance before his death. The demand made by the plaintiff for payments under option 1 has been refused.

On these facts plaintiff contends that she is entitled to receive the benefit payable under option 1 of section 1720, which would have amounted to $30,369.86. Defendant contends, on the other hand, that no valid selection of the benefit under option 1 of section 1720 having been made by Morris Marcus before his death, the case falls under section 1717, whereby plaintiff is entitled to no more than $11,407.25. This latter sum defendant has heretofore paid without prejudice to the right of plaintiff to recover the balance. The amount claimed by plaintiff is the difference between the two sums mentioned, namely, $18,962.61.

It is conceded that the deceased was privileged to select option 1 at the time of his death, and the only question is whether he actually did so in contemplation of law. In *Matter of Creveling* v. *Teachers' Retirement Board* (255 N. Y. 364) the Court of Appeals had occasion to consider a somewhat similar situation involving the construction of a statute (Greater New York Charter, § 1092) providing for retirement *upon written application to the board*. In that case an application was handed by the deceased to a teacher member of the board but it was not presented to the defendant until after the applicant's death. The court said: " Even if the applica-

tion were proper in form, the question still remains whether there has been a delivery or an application presented within the meaning and purpose of the charter provisions. An application, meeting all the requirements in and of itself, is not sufficient. It must pass from the teacher to the Board. ' Any contributor may retire for service upon written application to the retirement board * * *.' The written paper signed by the applicant must be given to, or presented to the Board."

We think that this controversy presents substantially the same situation. Whether the statute provides that the beneficiary " may then elect " or " may retire for service upon written application " is an immaterial difference. The point of the decision of the Court of Appeals was that the choice must be effectively made. We hold that an election is not validly made unless it is communicated to the defendant in the lifetime of the party making the election.

Judgment should be directed in favor of the defendant, without costs.

McAvoy, Untermyer, Dore and Cohn, JJ., concur.

Judgment directed in favor of the defendant, without costs. Settle order on notice.