In the Matter of OLIVER V. MORRISSEY, Respondent, against NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Appellants.

Argued January 12, 1949; decided March 3, 1949.

*Nathaniel L. Goldstein, Attorney-General (John C. Crary, Jr.,* and *Wendell P. Brown* of counsel), for appellants. I. Article 4 of the Civil Service Law does not permit optional withdrawal from membership by an employee while he remains in the service of the State. II. Respondent validly acquired membership in the Retirement System in 1935.

*Knowlton Durham* for respondent. I. The law does not expressly or impliedly prohibit the withdrawal of an optional member of the Retirement System who subsequently qualifies for a pension under another State statute. II. The actuarial position of the Retirement System would not be adversely affected by the judgment below. III. Petitioner is not validly a member of the Retirement System.

LEWIS, J. This case comes to us as a submission of controversy upon agreed facts. (Civ. Prac. Act, §§ 546–548.)

The appeal, by our leave, is from a judgment entered upon the unanimous order of the Appellate Division which directs the appellants, New York State Employees' Retirement System and the Comptroller of the State of New York to accept and approve the petitioner's application for his withdrawal from the Retirement System, and to refund to him all moneys standing to his credit in the System's annuity savings fund.

The action, as directed by the judgment, to be taken by the appellants depends for its validity upon statutory authority

when applied to the following agreed facts: On October 3, 1919, the petitioner, Oliver V. Morrissey, was appointed to a clerical position in the Division of Military and Naval Affairs of the State of New York in the office of New York National Guard headquarters. Ever since that date he has been so employed in the military service of the State of New York except while absent on military leave in the service of the Army of the United States from October 15, 1940 to October 1, 1941, and from February 3, 1942 to January 13, 1947.

Prior to the periods of his army service mentioned above the petitioner had served on active duty in the United States Naval Reserve in World War I from December 3, 1917 to June 24, 1919, and was honorably discharged therefrom on September 30, 1921. On October 2, 1939, he had completed twenty years of employment and service as a clerical employee in the Division of Military and Naval Affairs of the State of New York and thereafter, on December 17, 1943, attained the age of fifty years. Meantime, on June 16, 1935, the petitioner joined the New York State Employees' Retirement System and has ever since been a member thereof. By making an additional contribution at the time of joining the Retirement System his service was antedated to October 3, 1919, which, as we have seen, was the date of his original appointment. Since the time of joining the Retirement System the amount required by its rules and regulations to be contributed has been regularly deducted from petitioner's monthly compensation from the State of New York and has been credited to petitioner's account until the amount standing to his credit on the books of the System as of December 1, 1947, was $3,969.35. Under date of July 31, 1947, the petitioner submitted to the Comptroller of the State of New York, as administrative head of the Employees' Retirement System, a written application for withdrawal as a member thereof and for refund of his contributions thereto standing to his credit in the annuity savings fund. The asserted ground of his application for withdrawal was that he was eligible for retirement on pension under section 19-a of the Miliary Law, which alleged fact is claimed to have made him ineligible for membership in the Retirement System under subdivision 2 of section 52 of the Civil Service Law. Under date of

August 21, 1947, the State Comptroller replied by letter to the petitioner's application and thereby advised him that his membership in the System was valid and that accordingly he might, not withdraw therefrom.

In this proceeding the petitioner has thus far successfully contended that the foregoing agreed facts entitled him to withdraw from the Employees' Retirement System at any time after December 17, 1943 — the date on which he attained the age of fifty years, after completing more than twenty years' employment in the military service of the State of New York. Accordingly, he asserts the propriety of the order and judgment of the Appellate Division which directs the appellants to accept and approve his application for withdrawal from the System and to refund to him the amount of his contributions thereto standing to his credit in the annuity savings fund.

The respondents-appellants deny the existence of statutory authority which entitles the petitioner to the relief granted to him by the Appellate Division and contend that the judgment should be reversed and the proceeding dismissed on the merits.

The petitioner's employment in the military service of the State made him eligible for ultimate pensioned retirement upon his qualifying within conditions set forth in section 19-a of the Military Law. That statute provides that any veteran " *   *   * who shall have been employed for   *   *   *   twenty years or more in the military or naval service of the state of New York *   *   *   may, upon reaching the age of sixty-four years upon his own request and the approval of the adjutant-general of the state, or shall, upon being discharged or released from such employment without fault on his part after reaching the age of fifty years after serving as aforesaid, or upon being incapacitated for performing the duties of his position after twenty years of such service, be retired from such employment with the approval of the adjutant-general, and thereafter during his life there shall be paid to him   *   *   *   an annual sum equal *   *   *   to one-half of the compensation paid to him in the last year of his employment."

However, so long as the petitioner remains a member of the Retirement System he is precluded from receiving such pension

by former subdivision 1 of section 72 (now § 93, subd. a*) of the Civil Service Law which provides: " § 72. *Limitation of other statutes*. 1. No other provision of law in any other statute which provides wholly or partly at the expense of the state of New York for pensions, retirement benefits, emoluments or awards for employees in the state service, their widows or their other dependents, shall apply to members or beneficiaries of the retirement system established by this article, their widows or their other dependents.  *  *  * "

We do not think, however, that on July 31, 1947 — when the petitioner applied for withdrawal of his membership — there was then a legal basis for his assertion that his eligibility for a pension under section 19-a of the Military Law (quoted *supra*) made him ineligible for membership in the Retirement System. True it is that subdivision 2 of section 52 (now § 54, subd. e) of the Civil Service Law provided (with exceptions not here material) that: " Persons who are or who may be entitled to benefit by existing laws providing for pensions and annuities for civil service employees wholly or partly at the expense of the state of New York  *  *  *  shall not be members [of the Retirement System]  *  *  *."

But section 85 *id*. (now § 97) enacted by chapter 66 of the Laws of 1932 — before the petitioner joined the Retirement System — provides in part: " All war veterans in state service on March twenty-first, nineteen hundred thirty, entitled to benefit under the provisions of  *  *  *  section nineteen-a  *  *  *  of the military law are also given the right to elect to become members of the New York state employees' retirement system, and to be covered by all the provisions of law relative thereto."

Read with subdivision 1 of section 72 (quoted *supra*), section 85 granted to the petitioner — a war veteran who was in State service on March 21, 1930, and who was then entitled to benefit under section 19-a of the Military Law — the right to *elect* to retain his pension rights under section 19-a of the Mili-

---

* The Civil Service Law was revised and renumbered by chapter 841 of the Laws of 1947, effective July 1, 1948. As the statutory language and references in this submission of controversy were those in effect prior to the revision of 1947, the references herein to sections of the Civil Service Law are to the section number as designated prior to the revision, with parenthetical reference to the present designations.

tary Law *or* to join the Retirement System. He could not retain benefits from both. Accordingly we regard as being without merit the petitioner's claim that his admission to membership in the Retirement System in 1935 was without legal sanction.

We do not agree with his contention that he had no right of election under section 85 and that he was not entitled to benefit under that statute because his right under section 19-a of the Military Law to retirement at the age of sixty-four had not matured. The statute does not limit the right of election to those who have *already* reached the age, and met those other conditions which make them eligible for retirement with pension. We think the word " entitled " as employed in section 85 was intended to identify that class of persons who, upon attaining the requisite age and period of service, will ultimately qualify for pension rights. Such eligibility as the petitioner had for benefits under section 19-a of the Military Law made him ineligible for membership in the Retirement System until February 29, 1932, when there became effective section 85 of the Civil Service Law (quoted *supra*) which removed that ineligibility and permitted him to elect — as he did in 1935 — between pension rights to which he might ultimately become entitled under section 19-a of the Military Law and the wider field of benefits available to him by membership in the Retirement System. The choice then made, by which the petitioner became a member of the System, subjected him thereafter to the provisions of law which govern that System and which, as we conclude, do not grant him the right he now asserts which — while he remains in the service of the State — would give him the dual advantage of pension benefits under section 19-a of the Military Law *and* the privilege to withdraw his membership in the Retirement System and receive a refund of his contributions since 1935 with all interest credited thereto.

The protection which the petitioner's membership has given him since 1935, has imposed certain liabilities upon the Retirement System. The denial of his application to withdraw has not, and will not deprive him of the benefits he chose when he elected to take advantage of the statutory right (§ 85 *id.*) to join the System. To grant him — as a Retirement System member who proposes to remain in the service of the State — the right to withdraw and to receive the refund which he now demands would

permit him to use the System as an agency affording temporary insurance protection and a temporary depository for funds at interest. We do not find in the statutes governing the administration of the Retirement System an indication that its funds are available to State employees for such use. Those funds comprise contributions by members which create the annuity savings fund. Except in those instances where provision is made for refund under prescribed circumstances (§ 61, subd. 1 [present § 71]) — which provisions do not include a member's voluntary withdrawal while continuing in State service — annuity savings must remain for transfer to the annuity reserve fund to provide a reserve, created and maintained on an actuarial basis, for payment of those portions of retirement allowances which are annuities (see Civil Service Law, § 58 [now §§ 63, 64]). It is thus made clear that the *continuance* of a valid membership in the Retirement System during the period of a member's State employment is one of the factors upon which the successful operation of the System depends.

In the administration of the Retirement System the Comptroller, as its administrative head — whose acts are governed by statute — may not grant the petitioner, while he remains in State service, the privilege of withdrawal from membership, nor may he make the refund now demanded by the petitioner in the absence of statutory authority for such action. It is not enough, as the petitioner suggests, that no relevant statute prohibits such action. The absence of statutory prohibition does not permit us to imply the power with which the Comptroller must be endowed to conform legally with the petitioner's present demand. The decisions have made it plain that " * * * It is a dangerous principle to imply power when it is not conferred by legislative authority in clear and distinct terms. It is always competent for the legislature to speak clearly and without equivocation, and it is safer for the judicial department to follow the plain intent and obvious meaning of an act, rather than to speculate upon what might have been the views of the legislature in the emergency which may have arisen. It is wiser and safer to leave to the legislative department to supply a supposed or actual *casus omissus,* than attempt to do it by judicial construction." (*People ex rel. Brown* v. *Woodruff,* 32 N. Y. 355,

364; see, also, *People ex rel. City of Olean* v. *Western N. Y. & Pa. Traction Co.,* 214 N. Y. 526, 529; *Lawrence Constr. Corp.,* v. *State of New York,* 293 N. Y. 634, 639.)

As we may draw no inferences from the agreed facts except as they follow as a matter of law (*Lafrinz* v. *Whitney,* 233 N. Y. 107, 110; *People* v. *Hewson,* 224 N. Y. 136, 139), we conclude that upon the agreed facts in this proceeding the State Comptroller, as administrative head of the New York State Employees' Retirement System, acted within the sanction of applicable law when — lacking, as he did, statutory authorization to grant the petitioner's written application dated July 31, 1947 — he denied permission to the petitioner to withdraw as a member of the Retirement System and refused to refund all moneys standing to the petitioner's credit in the annuity savings fund.

The order of the Appellate Division should be reversed, and the submitted controversy remitted to that court, with directions to enter an order dismissing the proceeding, without costs.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur.

Order reversed, etc.