### (March 7, 1974)

In the Matter of VERONICA E. ROBILLARD, Appellant, v. ARTHUR LEVITT, as Comptroller of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered March 30, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to vacate an order of the Comptroller of the State of New York. On March 29, 1963 decedent became a member of the New York State Employees' Retirement System. Thereafter, and on January 29, 1968, he named appellant, his niece, as beneficiary to receive benefits in the event he died prior to his retirement. On November 19, 1969 decedent filed an application for retirement effective December 20, 1969. Subsequently, and on January 29, 1970, he executed on a form provided by the Retirement System an election of benefits under "Option One" and named appellant beneficiary to receive the balance of his unpaid retirement allowance upon his death. Decedent died on February 4, 1970, but the election of benefits form was not received by the New York State Employees' Retirement System until February 18, 1970. The respondent disapproved appellant's application for benefits on the ground that the decedent died "after the effective date of his retirement and without having made an effective election of a retirement option". (Retirement and Social Security Law, § 90.) This article 78 proceeding ensued. We agree with the respondent's determination. The weight of author-

ity clearly establishes that a document is not filed until it is "delivered to" or "received by" the appropriate official, and, since the election form was not filed prior to decedent's death, it did not become legally effective. (*Matter of Barone* v. *Levitt,* 29 A D 2d 149; *Marcus* v. *New York City Employees' Retirement System,* 247 App. Div. 111, mot. for lv. to app. den. 271 N. Y. 664.) There is, in our opinion, substantial evidence in the record to sustain the respondent's determination and it should be affirmed. Judgment affirmed, without costs. Staley, Jr., J. P., Cooke and Sweeney, JJ., affirm; Greenblott and Kane, JJ., dissent and vote to modify in the following memorandum by Greenblott, J. Greenblott, J. (dissenting). We dissent. While the majority is correct in its conclusion that an effective election of a retirement option had not been made requiring payments to be made under " Option One-half ", we feel that the Comptroller's determination that the benefits are to be paid to the retiree's estate rather than to appellant should be annulled. The deceased retiree, Edward Yaklofsky, was unmarried and had no dependents. He had, in 1968, as noted by the majority, designated his niece, the appellant herein, as his beneficiary to receive accumulated contributions and an ordinary death benefit in the event of his death prior to retirement (see Retirement and Social Security Law, § 51, subd. d; § 60). It is not disputed that when he filed his application for retirement on November 19, 1969, which became effective on December 20, 1969, he indicated on the reverse side thereof, in response to a specific request for such information, that his beneficiary was to be appellant. Although he did not thereby indicate the option to be elected, there is nothing equivocal or conditional about the naming of " Mrs. Veronica Robillard " as beneficiary. This form was received by the Retirement System on November 19, 1969, and became, by its own terms, effective 30 days thereafter. On January 14, 1970, respondent informed Yaklofsky of the benefits which would be payable under various options, and included the statement, "Your Beneficiary: Veronica Robillard ". In our view, the decedent did all that the statute requires in the way of designating his beneficiary " in writing on a blank provided by the comptroller for such purpose ", which, having been filed on the date of receipt, became effective on the day of his retirement which preceded his death (Retirement and Social Security Law, § 90, subd. c, par. 1). Respondent, however, determined that it was required to pay benefits to decedent's estate rather than to the petitioner because the designation of beneficiary submitted with the election of option was not timely filed. This position is, in our view, erroneous and arbitrary. There is no mandatory requirement that a member either elect an option or designate a beneficiary. If he fails in the former, benefits are payable under " Option One-half "; if he neglects to do the latter, his estate will receive the payments. Similarly, a member may elect an option without naming a beneficiary, or may designate a beneficiary who will receive " Option One-half " benefits because of the failure to elect any other option. It therefore must be concluded that if a beneficiary is to be designated, it need not be done on the same form as is used for electing an option, nor need it be done at the same time. Here, the decedent had clearly named his intended beneficiary on the retirement application form submitted in November, 1969, in a manner on which both he and the respondent should have been entitled to rely, subject to a subsequent election of options. The mere act of filling in a space for the beneficiary's name on a form which was subsequently submitted for the purpose of electing an option and which did not change his beneficiary, was an unnecessary act which certainly should not be interpreted as undoing a valid prior designation. Any other interpretation would not only thwart the

intent of the decedent which was unequivocally expressed and is not here challenged, but it would serve no valid purpose. Certainly the Retirement System, pursuant to legislative mandate, may protect against fraud in cases where, for example, a designation of beneficiary is filed for the first time or is sought to be changed after a member's death. However, no such purpose can be served in a case where the beneficiary has been more than adequately designated in accordance with all the statutory requirements. We therefore conclude that appellant should recive the benefits under "Option One-half", and respondent's determination should be modified accordingly.