■ In the Matter of FRANCIS BLAISDELL, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered May 10, 1977 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to pay petitioner an optional retirement allowance. Petitioner is the widower of Lauris Blaisdell and the designated beneficiary of an optional retirement allowance for which Mrs. Blaisdell applied prior to her death. Mrs. Blaisdell, a member of the New York State Teachers' Retirement System, executed an application for disability retirement on June 2, 1976 and mailed it to respondent's office on June 4. Respondent notified her that her application had been received on June 7 and that her "retirement will take effect on 7/7/76 * * * contingent on the recommendation of our medical board and the approval of the retirement board." The notice also requested completion of the "Election of Retirement Benefit" form. Mrs. Blaisdell died at approximately 8:30 on the evening of July 6, 1976. That day respondent received the election form selecting Option 1 under section 513 of the Education Law, and designating petitioner as beneficiary. By letter dated July 9, respondent advised petitioner that the election of benefits form was unacceptable because his wife's signature was not affixed in the presence of a notary public. The letter continued: "upon receipt of a death certificate, this System will

proceed in processing any benefits due as a result of your wife's death." After demand for payment in November, 1976, and respondent's refusal, petitioner brought this proceeding to compel payment of retirement benefits. Special Term rejected respondent's contention that the proceeding was untimely, reasoning that the proceeding was in the nature of mandamus requiring a demand and refusal to commence the period of limitations. The petition was brought within four months of the refusal (CPLR 217). We agree with this ruling. Special Term dismissed the petition, however, adopting respondent's contention that Mrs. Blaisdell died within 30 days after she filed for retirement, rendering her election of benefits ineffective (Education Law, § 513, subd 1). Petitioner appeals from the dismissal. In order to sustain the decision we would have to find that the decedent had not lived through a 30-day period when she mailed her application Friday, June 4, it was received Monday, June 7, and she died July 6. The statute sets the date of filing as the first day of the period and filing ordinarily occurs when the document is received in the proper office (Matter of Robillard v Levitt, 44 AD2d 611). Petitioner argues that if not for the intervening weekend, the application would have been received earlier. That ignores both the uncertainties of postal service and the definition of "filing". Since death came 29 days after filing, we are constrained by the Education Law to affirm the judgment of Special Term. Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.