◼ In the Matter of ROBERT J. FEINBERG, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Comptroller which denied petitioner's application for enrollment in the legislative and executive retirement plan nunc pro tunc. ¶ Petitioner is a member of the New York State Employees' Retirement System and has

continuous creditable service going back to June of 1944. He was an employee of the Assembly of the State of New York and served as a member of the Assembly from January 1, 1957 until December 31, 1964. Petitioner then remained in the retirement system by virtue of his employment as Town Attorney for the Town of Altona, Clinton County, until December 31, 1970. Additionally, during calendar year 1970, petitioner was again employed by the State Assembly. In January of 1971, he began serving as County Judge of Clinton County, a position he currently holds. ¶ In 1968, the Legislature enacted a retirement plan for legislative and executive employees (Retirement and Social Security Law, § 80-a). Since he left the Assembly in 1964, petitioner was not eligible for this new plan, which was more beneficial than the regular retirement plan (Retirement and Social Security Law, § 75-h). Petitioner contends that, after taking the position with the Assembly in 1970, he properly applied for membership in the section 80-a plan. Membership in that plan closed on July 1, 1973 (Retirement and Social Security Law, § 80-a, subd j). The annual statements sent out by the retirement system did not indicate which plan the member was enrolled in. Beginning with the statements for the fiscal year ending March 31, 1979, such information was included on the statement. Petitioner contends that he was not aware that the retirement system did not have him enrolled in the section 80-a plan until he received the statement in 1979. ¶ In October of 1982, petitioner applied to the retirement system for enrollment in the section 80-a plan *nunc pro tunc*. After a hearing, the application was denied by decision dated April 6, 1983. Petitioner commenced this CPLR article 78 proceeding challenging such decision, and that proceeding has been transferred to this court. ¶ Petitioner contends that the evidence indicates that he properly applied for benefits under the section 80-a plan and that he should be enrolled *nunc pro tunc*. In support, he cites to cases illustrating the presumption that a properly mailed document did reach its destination. We disagree. The statute requires that an application be filed with the Comptroller (Retirement and Social Security Law, § 80-a, subd b). Here, petitioner offered no proof that an application was filed by him or on his behalf with the Comptroller. The only evidence offered is that he delivered an application to the Assembly fiscal officer. There is no evidence that the Comptroller designated this individual as his agent for receipt of retirement applications, nor is there any proof that the Assembly fiscal officer delivered petitioner's application to the Comptroller, other than petitioner's testimony that she told him that she did so. The evidence is insufficient to raise a presumption that an application by petitioner for the section 80-a retirement plan was filed with the Comptroller. ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.