■ In the Matter of JOHN W. McBRIDE, Petitioner, v EDWARD REGAN, as State Comptroller, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for accidental disability retirement benefits.

Petitioner retired as a Nassau County police officer effective May 27, 1981 and moved to Texas. On May 26, 1983, using "Express Mail" next-day service, he sent to respondent Comptroller an application for accidental disability retirement pursuant to Retirement and Social Security Law § 363, claiming permanent disability from a neck injury sustained in two service-related incidents. The application was addressed to and received by the New York State Policemen's and Firemen's Retirement System's Department of Audit and Control in Albany and bore a date stamp showing receipt on May 31, 1983. Initially, the Comptroller relying on Retirement and Social Security Law § 363 (a) (3), which provides that an "application may be made not later than two years after the member is first discontinued from service", denied the application as untimely. After a hearing, the Comptroller reaffirmed the disapproval of the application, following which petitioner commenced this CPLR article 78 proceeding which was transferred to this court. For the reasons which follow, we confirm.

A document is not "filed" with the Comptroller under the various provisions of the Retirement and Social Security Law until it is actually received by the Retirement System. There is no filing as required by law except by delivery to an official whose duty it is to receive papers for filing and who is required to maintain an office for their deposit (*Matter of Levy v Levitt*, 66 AD2d 948, 949; *Matter of Dolan v Levitt*, 61 AD2d 1075, 1076). The Comptroller is correct in his determination that case law holds that a document is "filed" only when it is delivered to or received by the appropriate official (*see, e.g., Matter of Robillard v Levitt*, 44 AD2d 611, 612). An application for benefits pursuant to Retirement and Social Security Law § 363 (a) (3) is required to be *filed* within two years of a first discontinuance from service. Placing the application in an envelope in the mail is not the equivalent of filing; filing is accomplished when the application is received by the Comptroller (*Matter of Feinberg v Regan*, 100 AD2d 711, 712, *lv denied* 63 NY2d 601; *Matter of Hauenstein v New York State Employees' Retirement Sys.*, 72 AD2d 632, 633).

Petitioner's contention that the statute is satisfied when an application is "made" not later than two years after the member is first discontinued from service is unpersuasive. Petitioner maintains that since the Legislature specifically used the term "filing" in various parts of the statute (*see,* Retirement and Social Security Law § 363 [a], [c]), use of the phrase "may be made" in section 363 (a) (3) was intended to create a distinction between the terms. As such, petitioner

argues, the legislative intent requires only proof that an application has been *made,* satisfied upon mailing, not that it has been *filed.* We disagree. The language at issue here, the last sentence of Retirement and Social Security Law § 363 (a) (3), was inserted by an amendment of the precursor statute *(see,* L 1956, ch 926, § 2). The amendment is referred to as "AN ACT to amend * * * in relation to the time for *filing* applications for accidental disability retirement of members" (L 1956, ch 926 [emphasis supplied]). This sentence was added for the specific purpose of setting a time limit for filing, not to change the method by which an application is effectively filed.

Statutes are to be construed as a whole and parts construed together to achieve harmony (McKinney's Cons Laws of NY, Book 1, Statutes § 97). The words "may be made" are part of subparagraph (3) and appear as part of an alternative to the provision that a member must actually be in service at the time an application for benefits is filed *(see,* Retirement and Social Security Law § 363 [a] [2], [3]). The Comptroller correctly determined that the requirement for filing is neither excused nor satisfied by executing a form and placing it in the mail. Since that interpretation of the statute is reasonable and not irrational, it must be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Mirando v Regan,* 95 AD2d 909, 910).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.