◼ In the Matter of ANDREA KRIEDEMANN, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. —Casey, J. Appeal from a judgment of the Supreme Court (Ford, J.), entered May 28, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for the full disability retirement death benefit of her deceased husband.

Prior to his death on September 10, 1985, petitioner's husband (hereinafter decedent), who was a member of respondent, had been employed for approximately 18 years as a teacher in the Buffalo City School District. Petitioner, as named beneficiary of his benefits in respondent, alleges that decedent, upon learning of the seriousness of his physical condition, telephoned respondent on or about August 5, 1985 and requested a disability retirement application. When he failed to receive it on August 16, 1985, he again contacted respondent and on that date the application was sent to him by express mail. The attached letter informed decedent that his application must be on file not less than 30 nor more than 90 days before his retirement could commence, and that to be eligible, his teaching and his salary must have ceased. Admittedly, decedent's application was received by respondent on August 21, 1985 and receipt was acknowledged by letter dated August 22, 1985. This letter advised decedent that "Pending confirmation from your employer of the date your salary ceases, we will process your retirement application to be effective 9/20/85." Respondent's statement of salary data for decedent stated that the last day for which salary was earned was September 10, 1985.

To be effective, an application for retirement must have been "received at [respondent's] office at least 30 days before it can take effect, and it cannot take effect later than 90 days after its receipt. In any event, it cannot take effect sooner

than the day after the member's salary will cease, or sooner than the date requested in the application, whichever is later" (21 NYCRR 5005.3 [a]). Education Law § 513 (1) provides that "no election of an optional benefit shall become effective in case a member dies within thirty days after the filing of an application for a retirement allowance".

Decedent died on September 10, 1985, 20 days after his application was received in respondent's office on August 21, 1985, which must be considered its filing date *(see, Matter of McBride v Regan,* 125 AD2d 797). Decedent's election of benefits was thereby rendered ineffective *(see, Matter of Blaisdell v New York State Teachers' Retirement Sys.,* 62 AD2d 1116, *lv denied* 45 NY2d 706).

As to petitioner's claim that the application would have been timely filed for optional benefits if respondent had complied with decedent's initial request for an application on August 5, 1985, we note that the provisions of the law are clear and unambiguous as quoted above, and estoppel is not available against a governmental agency in its exercise of governmental functions *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30). Furthermore, according to the employer's statement, decedent's salary did not cease until the date of his death, which constitutes a failure to comply with the conditions imposed by 21 NYCRR 5005.3 (a) *(see, Matter of Colligan v New York State Teachers' Retirement Sys.,* 95 AD2d 895). The judgment of Supreme Court dismissing the petition must, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.