■ In the Matter of RICHARD H. WHITEHILL, Appellant, v NEW YORK STATE TEACHERS' RETIREMENT SYSTEM, Respondent. —Mercure, J. Appeals (1) from a judgment of the Supreme Court (Cobb, J.), entered May 7, 1987 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a redetermination of his beneficiary status, and (2) from a judgment of said court, entered July 31, 1987 in Albany County, which, upon granting petitioner's motion for reargument, adhered to its original determination.

The material facts are not in dispute. Priscilla J. Whitehill (hereinafter decedent) submitted an application for retirement to respondent to be effective July 1, 1986 and an election of benefit payments under option 4 (4)[1] naming petitioner to be

---

1. Option 4 (4) provides that, upon the death of a member, one half of the

the beneficiary. At the time of her retirement, decedent was seriously ill, and she decided to change her benefit election to option 1[2] in order to provide a sum of money for her children in the event of her death. Decedent executed the change of option form on July 2, 1986, but petitioner did not mail the form to respondent until decedent became comatose on July 25, 1986. Decedent died on Sunday, July 27, 1986 and respondent received the change of retirement option the following day. Respondent determined that decedent's change of election was ineffective because it was received subsequent to her death. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking a determination that payment of the retirement benefits be made under option 1. Supreme Court dismissed the petition on the ground that the determination was not clearly erroneous. Petitioner appeals; we affirm.

Here, we are faced with a conflict between our desire to prevent harsh consequences of seemingly overtechnical adherence to procedural requirements and recognition of our very real limitation when reviewing an administrative agency's interpretation of its own regulations (see, Matter of Estate of Gallo v New York State Teachers' Retirement Sys., 121 AD2d 24, 26, lv denied 69 NY2d 610). The Court of Appeals experienced the same conflict in Matter of Creveling v Teachers' Retirement Bd. (255 NY 364), stating: "It, indeed, would be unfortunate if any teacher should lose the rewards of long and faithful service through a failure to comply with some mere technical rule of procedure. But on the other hand, it would be equally unfortunate for all the others interested in the retirement fund if the fundamental requirements of the law were not enforced * * *. The only safe and sure way to proceed with and maintain the retirement system is to follow the law which brought it into being and which has prescribed its limitations" (supra, at 372-373).

The issue distills to whether respondent's determination that decedent's change of retirement option was invalid because decedent died prior to respondent's receipt thereof is irrational. Courts should defer to the interpretation given a

monthly retirement allowance will be paid to the beneficiary during his or her lifetime. Under this option, petitioner would receive $500.76 per month.

2. Option 1 provides that, upon the death of a member, a lump-sum payment in an amount equal to the excess of the present value of the retirement allowance at the time of the member's death over the total amount of payments received during decedent's lifetime will be made to the beneficiary. Under this option, petitioner would receive a lump-sum payment of $159,400.73.

statute by the agency charged with its enforcement unless the interpretation is either irrational, unreasonable or inconsistent with the governing statute *(see, Matter of Great Lakes-Dunbar-Rochester v State Tax Commn.,* 65 NY2d 339, 343; *see also, Matter of Johnson v Joy,* 48 NY2d 689, 691). A determination will only be annulled if it involves a clearly erroneous interpretation of the law *(Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 400). We conclude that respondent's interpretation of Education Law § 513 and the regulations promulgated thereunder is not clearly erroneous and should be upheld.

The dissent acknowledges that an application for option selection must be received at the office of respondent *(see,* 21 NYCRR 5000.1 [a]; *Matter of Kriedemann v New York State Teachers' Retirement Sys.,* 134 AD2d 746, 747, *lv denied* 71 NY2d 801; *Matter of McBride v Regan,* 125 AD2d 797) and that such receipt must be during the lifetime of the decedent *(see, Matter of Guzman v New York City Employees' Retirement Sys.,* 45 NY2d 186, 193; *Matter of Robillard v Levitt,* 44 AD2d 611; *Marcus v New York City Employees' Retirement Sys.,* 247 App Div 111, 112-113) in order for the change of option to be effective. Nevertheless, the dissent finds that because decedent died on a Sunday, receipt the following day will be considered timely and effective.

General Construction Law § 25-a (1), relied upon by the dissent to legally extend decedent's lifetime, provides: "When any period of time, *computed from a certain day,* within which or after which or before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day and if the period ends at a specified hour, such act may be done at or before the same hour of such next succeeding business day" (emphasis supplied). In order for this section to apply in a given factual setting, there must be an initially ascertainable "certain day" from which reckoning may be made, so as to permit an advance determination of the period of time within, after or before which an act is authorized or required to be done *(see, e.g., Morris v Cahill,* 96 AD2d 88; *Matter of Picciano v Hammock,* 92 AD2d 1043, *lv denied* 59 NY2d 606; *Matter of Scuderi v Board of Educ.,* 49 AD2d 942, *appeal dismissed* 38 NY2d 848). The date of one's death, unlike, for example, the date of accrual of a cause of action, is not ascertainable in advance, thereby precluding its use as a point of reference. An effort to use the date of a living person's death as a benchmark creates the untenable situation where the date by which

the act must be performed cannot be ascertained until the time for performance has already passed. The fallacy of the argument is also borne out by considering that if decedent died a day later, just minutes before respondent's receipt of her application for option selection, General Construction Law § 25-a would not be applicable and there would be no question that the selection was ineffective.

Indeed, the issue before us is not novel. In the highly analogous case of *Matter of Blaisdell v New York State Teachers' Retirement Sys.* (62 AD2d 1116, *lv denied* 45 NY2d 706), this court rejected the rationalization that if not for the intervening weekend the application would have been received earlier, stating "[t]hat ignores both the uncertainties of postal service and the definition of 'filing' " *(supra,* at 1117).

Judgments affirmed, without costs. Kane, J. P., Yesawich, Jr., and Mercure, JJ., concur.

Mikoll and Harvey, JJ., dissent in a memorandum by Mikoll, J. Mikoll, J. (dissenting). We respectfully dissent.

Education Law § 513 (1) provides in pertinent part that: "any member, at the time of his retirement, may elect to receive his benefits in a retirement allowance payable throughout life or he may on retirement elect to receive the actuarial equivalent at that time of his retirement allowance in a lesser retirement allowance, payable throughout life". Although the statute is silent as to the requirement of receipt of a change of option form, such requirements are set forth in the regulations as follows: "All applications for * * * optional selections * * * shall be made on appropriate forms to be furnished by [respondent], and must be received at [respondent's] office to be effective" (21 NYCRR 5000.1 [a]). In addition, 21 NYCRR 5014.3 (a) provides: "Upon filing an application for retirement, a member * * * may elect one of the optional allowances authorized by section 513 of the Education Law * * *. In order to be valid, such election must be on a form supplied by [respondent] or in a written request. In either case, such election must be duly executed and acknowledged, and must be received at [respondent's] office no later than the last day of the month in which the retirement becomes effective." It is not disputed that the change of option form was received in respondent's office on July 28, 1986 and complied with the other regulations.

Judicial precedent does not specifically deal with the instant situation where a timely application for benefits was filed, the decedent did not die within 30 days of such filing, timely filing

was made of an election of a retirement option and a change of option form was filed after decedent's death. In *Matter of Creveling v Teachers' Retirement Bd.* (255 NY 364), a retirement form was filed after the pensioner's death. In *Matter of Blaisdell v New York State Teachers' Retirement Sys.* (62 AD2d 1116, *lv denied* 45 NY2d 706), the pensioner died 29 days after filing for retirement. In *Matter of Robillard v Levitt* (44 AD2d 611) the pensioner died after the effective date of his retirement without having made any effective election of a retirement option. In *Marcus v New York City Employees' Retirement Sys.* (247 App Div 111), the pensioner died without filing any election of the benefits to which he was entitled.

Moreover, neither 21 NYCRR 5000.1 (a) nor 21 NYCRR 5014.3 (a) speak to receipt of the change of option form by respondent before a member's death. However, even in light of the liberal construction to be given the Education Law in order to effectuate its beneficial purpose *(see, Matter of Creveling v Teachers' Retirement Bd., supra),* respondent interpreted the reference in the regulations to mandate receipt thereof prior to a member's death. It is fundamental law that the "construction given statutes and regulations * * * will, if not irrational or unreasonable, be upheld" *(Matter of Johnson v Joy,* 48 NY2d 689, 691). Regardless, we would find respondent's determination to be erroneous in this instance. Here, decedent died on July 27, 1986 at 10:30 P.M. Receipt of the change of option form on July 28, 1986 during the business day was acknowledged by respondent's office. Judicial notice may be taken of the fact that the business day concludes no later than 5:00 P.M. and that July 27, 1986 was a Sunday. General Construction Law § 25-a (1) says in relevant part: "When any period of time * * * before which an act is authorized or required to be done, ends on a Saturday, Sunday or a public holiday, such act may be done on the next succeeding business day and if the period ends at a specified hour, such act may be done at or before the same hour of such next succeeding business day". Therefore, we would hold that respondent erred in determining that decedent's change of option form was not timely received *(see, Morris v Cahill,* 96 AD2d 88) and would grant the petition.