■ In the Matter of LOUIS M. KLEIN, Petitioner, v EDWARD V. REGAN, as Comptroller of the State of New York, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application to redetermine his date of membership and/or his tier status in the New York State Employees' Retirement System.

In November 1971, petitioner was elected to the Ulster County Legislature as a representative of the Towns of Esopus and Rosendale. Since elected officials are in an exempt class for purposes of membership in the New York State Employees' Retirement System (hereinafter the System), petitioner was not automatically enrolled in the System at that time and would have had to formally file an application before he could become a member. Petitioner claims that before he took office on January 1, 1972, he filled out the requisite application for

membership in the System in the presence of the then-Deputy Clerk of the County Legislature, Frank Fabbie (now deceased). According to petitioner, Fabbie assured him that he would file the application for him. Petitioner was reelected and continued to serve on the County Legislature through December 1981.

In 1977, petitioner apparently became curious as to why he had never received an annual membership statement concerning his alleged membership in the System. Upon inquiry to the System's personnel director, however, he was informed that he had never been enrolled as a member. Petitioner thereafter filed his alleged "second" application with the System and was enrolled as a tier III member on January 9, 1980. Subsequently, petitioner unsuccessfully attempted to have his tier III status changed to that of tier I, but this application was denied. Petitioner then filed a timely request for hearing and redetermination of said disapproval which was duly held before a Hearing Officer. Respondent ultimately concluded that petitioner's application was properly denied and this CPLR article 78 proceeding was commenced.

Respondent's determination must be confirmed. Since petitioner's membership in the System was optional he could not become a member of the System until an application was actually filed with respondent (see, Retirement and Social Security Law §§ 40, 74). The System's records establish that such an application was filed on January 9, 1980. Although petitioner contends that his uncontradicted proof at the hearing established he had given a completed application to Fabbie to file for him prior to January 1972, this fact, even if true, is not dispositive herein. Simply mailing an application is not the equivalent of filing; it is filed only when it is delivered to and received by the appropriate official (see, Matter of Robillard v Levitt, 44 AD2d 611, 612; see also, Matter of McBride v Regan, 125 AD2d 797, 798). Accordingly, even if the application was in fact delivered to Fabbie, this was not equivalent to filing it with respondent (in the absence of evidence that respondent had designated Fabbie as his agent for receipt of applications) (see, Matter of Feinberg v Regan, 100 AD2d 711, 712, lv denied 63 NY2d 601). Since petitioner's proof fails to establish that respondent received the purported first application, the appealed-from determination is in all respects rational.

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.