◼ In the Matter of KEVIN V. BOLIER, Petitioner, v NEW YORK STATE EMPLOYEES' RETIREMENT SYSTEM et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's request for a redetermination of his retirement status.

Contrary to petitioner's argument, since his membership in respondent New York State Employees' Retirement System was optional, he could not become a member of it until his application was actually filed with respondent Comptroller (see, Retirement and Social Security Law §§ 40, 74). Although petitioner was hired on June 28, 1976, the record shows that his application was not filed with the appropriate officials until August 12, 1976 (see, Matter of McBride v Regan, 125 AD2d 797), which was after the cutoff date of July 27, 1976 for enrollment as a tier II member (see, Civil Serv. Employees Assn. v Regan, 71 NY2d 653). Therefore, the tier III status

accorded petitioner was proper *(see, Matter of Klein v Regan,* 165 AD2d 944).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.