■ In the Matter of CHARLES R. DELL, Petitioner, v EDWARD V. REGAN, as New York State Comptroller, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's request for a redetermination of his retirement status.

Insofar as petitioner's membership in the New York State and Local Employees' Retirement System (hereinafter System) was optional, he could not become a member until he actually filed an application with respondent (see, Retirement and Social Security Law §§ 40, 74; Matter of Klein v Regan, 165 AD2d 944). In August 1966, petitioner left his employment with Erie County at the Edward J. Meyer Memorial Hospital and withdrew from the System. Petitioner was reemployed by the hospital in 1967 but the record shows that his application for membership in the System was not filed until June 21, 1976 (see, Retirement and Social Security Law § 440 [a]). At the hearing, petitioner never claimed that he filed an application upon his reemployment in 1967. He stated that he was assured by a hospital secretary that everything would be the same in terms of benefits, but he could not recall if he had even asked about membership in the System. In any event,

misinformation given by the hospital employee does not give rise to an estoppel argument *(see, Goodman v Regan,* 151 AD2d 958). Therefore, the tier II status accorded petitioner was proper *(see, Matter of Bolier v New York State Employees' Retirement Sys.,* 167 AD2d 815). On the record before us, respondent's denial of the request for a redetermination of petitioner's retirement status was in all respects rational *(see, Matter of Klein v Regan, supra).* Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.