■ In the Matter of JOHN JAREK, Petitioner, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [700 NYS2d 601] —Carpinello, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied petitioner's application for ordinary disability retirement benefits.

On March 4, 1993, petitioner resigned from his position as a school custodian after a January 31, 1993 heart attack rendered him unable to work. Later that same month, he requested, received and completed an application for ordinary disability retirement benefits, had it notarized and mailed it via ordinary first class mail. Six months later, he contacted the State and Local Employees' Retirement System to check on the status of his application and was advised that it had never been received. He thereafter filed a "second" application, which was denied as untimely. Although a Hearing Officer recommended that petitioner's application be accepted since he timely mailed it and, through no fault of his own, it was never received, respondent declined to adopt this recommendation and instead upheld the initial denial of benefits. Petitioner commenced this proceeding challenging the latter determination.

Pursuant to Retirement and Social Security Law §§ 62 and 362, petitioner had 90 days from his last date of service (March 4, 1993) to file an application for ordinary disability retirement benefits (*see, Matter of Carmody v McCall*, 261 AD2d 765; *Matter of Callace v New York State Employees' Retirement Sys.*, 140 AD2d 756, *lv denied* 72 NY2d 806). The Retirement and Social Security Law mandates that every application for benefits be *filed* with respondent (*see*, Retirement and Social Security Law § 74 [a]). In analogous contexts, this Court has held that simply mailing an application does not constitute filing; rather, filing only occurs upon actual delivery to and receipt by respondent (*see, e.g., Matter of Klein v Regan*, 165 AD2d 944, 945; *Matter of McBride v Regan*, 125 AD2d 797, 798; *see generally, Matter of Feinberg v Regan*, 100 AD2d 711, 712, *lv denied* 63 NY2d 601; *Matter of Hauenstein v New York State Employees' Retirement Sys.*, 72 AD2d 632, 632-633; *Matter of Robillard v Levitt*, 44 AD2d 611, 612). Thus, respondent's construction of Retirement and Social Security Law § 74 (a) as excluding petitioner's act of mailing his application for ordinary disability retirement benefits as the equivalent of filing is reasonable (*see, id.*) and must be upheld as it is supported by substantial evidence (*see, e.g., Matter of Keller v Regan*, 212 AD2d 856, 858). While the result is harsh, it is one the law compels. To this end, we note that, although petitioner claims that he did everything within his power to meet the 90-day deadline, he failed to use available mailing methods which would have provided him with notice of respondent's receipt (or lack thereof) of his application and further waited over six months to check on its status.

Petitioner's remaining contentions have been reviewed and none warrant annulment of respondent's determination.

Peters, J. P., Spain, Graffeo and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.