■ In the Matter of RUSSELL KRYSA, Petitioner, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEM et al., Respondents. [862 NYS2d 211]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent New York State and Local Retirement System which denied petitioner's application for ordinary death benefits.

During his employment with the Town of Wheatfield Highway Department in Niagara County in February 2004, Edward Mettler (hereinafter decedent) executed a form (hereinafter the 2004 designation form) designating his former spouse, his two children and his girlfriend, respondent Robin Douglas, as the primary beneficiaries of his ordinary death benefit with respondent New York State and Local Retirement System. On that same day, decedent executed a will in which he, among other things, devised his residence to Douglas. The following year, the relationship between decedent and Douglas ended and, on February 15, 2005, decedent drafted a new will that eliminated any reference to Douglas. He also executed a new designation form in which he removed Douglas as a primary beneficiary of his ordinary death benefits and added petitioner in her place (hereinafter the 2005 designation form).

Decedent then committed suicide on February 18, 2005 and the Retirement System received the 2005 designation form on February 22, 2005. After decedent's counsel advised the Retirement System of decedent's death and sought to confirm that the 2005 designation form had taken effect, the Retirement System responded that, inasmuch as the 2005 designation form had been received after the date of decedent's death, it could not be accepted and, therefore, the payment of decedent's death benefits would be made to those beneficiaries named in the 2004 designation form, including Douglas. Petitioner opposed this determination and, after redetermination hearings were conducted, a Hearing Officer concluded that the 2004 designation form was valid at the time of decedent's death and, therefore, petitioner was not eligible to receive benefits. The Retirement System ultimately adopted the Hearing Officer's findings and denied petitioner's application for death benefits.

Consequently, petitioner commenced the instant CPLR article 78 proceeding challenging that determination.

The Retirement and Social Security Law provides that ordinary death benefits are payable to beneficiaries who have been nominated by the member of the Retirement System to receive them (see Retirement and Social Security Law § 60 [c]). Specifically, " '[t]o be effective, such a nomination must be in the form of a written designation, duly acknowledged and filed with the comptroller for this specific purpose' " (Matter of Nisnewitz v Regan, 207 AD2d 605, 606 [1994], quoting Retirement and Social Security Law § 60 [c]). Pursuant to Retirement and Social Security Law § 19, a "document [is] deemed filed on the date of mailing" only if it was sent by certified mail, return receipt requested. Otherwise, the filing "only occurs upon actual delivery to and receipt by [the Retirement System]" (Matter of Jarek v McCall, 268 AD2d 654, 655 [2000]; see Retirement and Social Security Law § 19; Matter of McBride v Regan, 125 AD2d 797, 798 [1986]; see also Matter of Klein v Regan, 165 AD2d 944, 945 [1990]; Matter of Robillard v Levitt, 44 AD2d 611, 612 [1974]).

Here, it is uncontroverted that the 2005 designation form was mailed by first-class mail and that decedent's death occurred before the Retirement System received it on February 22, 2005. As the filing of this form did not occur until after decedent's death, the 2004 designation form—designating Douglas as a beneficiary—was still valid at the time of decedent's death. Consequently, the Retirement System's denial of petitioner's application for benefits was both rational and supported by substantial evidence.

Petitioner argues alternatively that decedent's ordinary death benefits should have been conveyed to decedent's estate in light of the evidence demonstrating that, at the time of his death, decedent's testamentary intent was to replace Douglas with petitioner as a designated beneficiary. However, it is well settled that the Retirement System "has no discretion to pay the death benefit to any person other than the duly designated beneficiary" (Matter of Oro v New York State Employees' Retirement Sys., 142 AD2d 830, 831 [1988]; see Matter of Nisnewitz v Regan, 207 AD2d at 606; Matter of Berlangero v New York State & Local Employees' Retirement Sys., 162 AD2d 796, 797 [1990]).

Mercure, J.P., Rose, Kane and Kavanagh, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.