Peters, P.J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner’s application for disability retirement benefits.
Petitioner is the widow of Richard O’Brien (hereinafter decedent), a State Trooper who died as a result of injuries sustained in a non-work-related accident on December 7, 2009. On that date, petitioner and decedent’s coworkers attempted to file an application for disability retirement benefits on decedent’s behalf. After many unsuccessful attempts to fax the application, it was ultimately received by respondent New York State and Local Retirement System minutes after decedent’s death. The application was initially denied as untimely and, following a hearing, respondent Comptroller adhered to that determination. This proceeding ensued.
*1125 The Comptroller has exclusive authority to determine all applications for retirement benefits and the “determination must be upheld if [the] interpretation of the controlling retirement statute is reasonable and the underlying factual findings are supported by substantial evidence” (Matter of Schwartz v McCall, 300 AD2d 887, 888 [2002] [citations omitted]; see Matter of Lewandowski v New York State & Local Police & Fire Retirement Sys., 69 AD3d 1027, 1028 [2010]). Pursuant to the applicable statutory provisions, an applicant may receive State Police disability retirement benefits only if he or she is actually a member of the Retirement System at the time of filing (see Retirement and Social Security Law § 363-b). Membership in the Retirement System ceases upon death (see Retirement and Social Security Law § 340 [¶] [2]). With the exception of documents sent by certified mail, return receipt requested, filing “only occurs upon actual delivery to and receipt by [the Retirement System]” (Matter of Jarek v McCall, 268 AD2d 654, 655 [2000]; see Retirement and Social Security Law § 19; 2 NYCRR 366.2).
While it is unfortunate that so many failed attempts were made to fax the retirement documents while decedent was still alive, there is no dispute that he died — and his membership in the Retirement System therefore terminated — prior to their receipt. Despite the contrary position taken by the dissent, this case is about — and hinges on — whether petitioner was or was not a member of the Retirement System at a particular moment in time. If the application was received before petitioner’s death, petitioner would still have been a member of the Retirement System at the time of filing, and the application would have been timely. On the other hand — without regard to who actually filed it — when the application at issue here was filed, decedent was no longer alive and, thus, no longer eligible to receive disability retirement benefits. As the Comptroller’s determination that the application was untimely is consistent with the applicable statutory provisions, we find no basis upon which to disturb it (see Matter of Krysa v New York State & Local Retirement Sys., 53 AD3d 1027, 1029 [2008]; Matter of Jarek v McCall, 268 AD2d at 655; Matter of Kriedemann v New York State Teachers’ Retirement Sys., 134 AD2d 746, 747 [1987], lv denied 71 NY2d 801 [1988]; Matter of Blaisdell v New York State Teachers’ Retirement Sys., 62 AD2d 1116, 1117 [1978], lv denied 45 NY2d 706 [1978]).* To the extent that petitioner argues that *1126 the Comptroller acted arbitrarily and capriciously by not extending the time for filing under the circumstances of this case, petitioner’s reliance on Retirement and Social Security Law § 390 (bb) (1) is misplaced. That statute permits the Comptroller to extend the time to file an option election, and petitioner cites no similar statute that would allow the Comptroller to extend the time to file the application for retirement benefits itself. In the absence of such statutory authority, the Comptroller lacked the power to extend the time for filing and the failure to do so here therefore cannot, as the dissent suggests, be deemed arbitrary and capricious (see Matter of Morrissey v New York State Employees’ Retirement Sys., 298 NY 442, 449-450 [1949]; Matter of Gammone v Murphy, 299 AD2d 551, 551 [2002], appeal dismissed 99 NY2d 650 [2003]; Matter of Brei v Regan, 89 AD2d 1060, 1061 [1982]).
Lahtinen and Stein, JJ., concur.

 To the extent that petitioner argues that the denial of benefits is arbitrary and capricious inasmuch as the Comptroller would have deemed the applica *1126 tian timely if it was sent by certified mail on the same date, but after the time of decedent’s death, such claim is speculative.